### Kropff *v.* Poth.

*(Circuit Court, D. New Jersey.  December 11, 1882.)*

DEATH OF PLAINTIFF—REV. ST. § 955—FOREIGN ADMINISTRATOR CONTINUING SUIT.

Under the provisions of section 955 of the Revised Statutes of the United States, when an alien sues in the circuit court and dies, the suit cannot be continued to final judgment by his executor or administrator, unless such executor or administrator has taken out letters testamentary or of administration on the estate in the state where the suit is brought.

In Debt.

*A. Q. Keasbey & Sons,* for plaintiff.

*Sheppard & Lentz,* for defendant.

NIXON, J. This is a personal action at law, brought by an alien against a citizen. On October 26, 1883, the death of the plaintiff was suggested upon the record, and an order entered that the suit proceed to final judgment in the name of his executor. A motion is now made to vacate said order as improvidently entered.

The executor of the deceased plaintiff is an alien, residing in the same country as the testator, to-wit, at Nordhausen, in the empire of Germany. There have been no letters testamentary or of administration on the estate taken out in New Jersey. It is well settled that such a person, whether administrator or executor, cannot begin a suit in the courts of the United States to enforce an obligation due his intestate or testator. See *Dixon's Ex'rs* v. *Ramsay's Ex'rs,* 3 Cranch, 319; *Noonan* v. *Bradley,* 9 Wall. 394. The counsel for the plaintiff concedes this, but claims that, under the provisions of section 955 of the Revised Statutes, when an alien sues and dies the suit may be continued to final judgment by his executor, whether foreign or resident. That section, which is section 31 of the judiciary act, was doubtless enacted to avoid the inconvenience of the common-law rule that all actions, personal as well as real, abated by the death of either of the parties before judgment. It expressly saves

all personal suits from abatement in cases when the cause of action survives by law. But it would be anomalous to allow a person to continue a suit which he is not authorized to begin. It is a more reasonable construction of the section to hold that when congress authorized the continuance of a pending suit in the name of the executor or administrator, it meant to refer to an executor or administrator who was competent to begin the action.

The present suit is saved from abatement by the statute. The death of the alien plaintiff suspends further proceedings until another lawful plaintiff be substituted. The order is vacated, but the personal representative of the plaintiff is allowed a reasonable time, to-wit, 60 days, in which to procure in New Jersey letters testamentary or of administration.