BUSSEY v. CHARLESTON AND WESTERN CAROLINA RY. CO.

PARTIES—NEGLIGENT KILLING.—LORD CAMPBELL'S ACT OF GEORGIA, providing that for negligent killing of husband, widow may recover, is intended to designate the beneficiaries and not to affect the right of recovery, and suit in this State on cause of action arising in Georgia, should be brought in name of personal representative of deceased.

Before GAGE, J., Edgefield, November, 1905.    Affirmed.

Action by Elizabeth J. Bussey against Charleston and Western Carolina Railway Co. From order sustaining demurrer to complaint, plaintiff appeals.

*Messrs. J. Wm. Thurmond* and *Jas. H. Tillman,* for appellant, cite: *Foreign law will be enforced here:* 13 L. R. A., 458; 15 L. R. A., 583; 4 L. R. A., 263; 22 Ency., 2 ed., 1379; 146 U. S., 1129; 56 L. R. A., 207; 103 U. S., 11; 70 S. C., 254.    *Who authorized to sue:* 13 L. R. A., 458; 73 Ga., 651; 4 L. R. A., 264; 87 U. S., 376; 112 U. S., 490; 25 C. C. A., 446; 30 Ind. App., 271; 24 Utah, 481; 70 S. C., 258; 5 Ency. P. P., 851; 168 U. S., 449; 65 N. E. R., 930; 34 At. R., 946; 66 S. C., 96; 60 S. C., 411.

*Messrs. S. J. Simpson* and *Sheppard Bros.,* contra. *Sheppard Bros.* cite: *As to conflict of laws:* Stony on Conflict of Laws, secs. 556-7-8; 4 L. R. A., 261. *Who should bring the action:* 168 U. S., 537; 19 S. C., 587; 66 S. C., 96; 56 S. C., 297; 142 Mass., 53; 50 N. H., 253; 32 Vt., 110; 4 Am. R., 109; 2 Duer., 278; 14 S. C., 573; 13 L. R. A., 458; Code of Proc., 132, 134.

January 30, 1906.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an appeal from an order sustaining a demurrer to the complaint upon a cause of action that arose in Georgia, on the ground that there was a defect of parties, in that the action should have been brought by the administrator of the deceased as plaintiff, and not by his widow in her individual capacity. The complaint alleges that the statute of Georgia, generally known as Lord Campbell's Act, provides that, "A widow, or if no widow, a child or children, may recover for the homicide of the husband or parent; and if suit be brought by the widow or chil-

dren, and the former, or one of the latter, dies pending the action, the same shall survive in the first place to the children." * * *

Section 2852 of the Code of Laws of South Carolina contains the provision that the suit "shall be brought by or in the name of the executor or administrator of such person."

The underlying question is whether the provision in the Georgia Statute relative to parties authorized to bring the action, pertains to the right or to the remedy. If it was intended to affect the right of recovery, then the action should conform to such requirement; while, on the other hand, if it should be regarded as remedial, the Courts of this State will apply the mode of procedure prevailing in this State.

Our construction of the Georgia Statute is that its intention was to designate the beneficiaries, and not to prescribe the mode of procedure. If the Statute of Georgia had provided as a consideration precedent to a recovery of damages, that the action should be brought in the name of the widow, such provision would have formed part of the right instead of the remedy, and when an action was brought in another State, it would have to be instituted in her name.

If the plaintiff is required to conform her pleadings to the laws of this State, it will not affect her substantial rights. No burden will thereby be placed upon her right of recovery, nor will the defendant be deprived of any defense which it had the right to interpose under the laws of Georgia. We are aware that there is much conflict among the authorities upon the question under consideration. The plaintiff, however, has no just ground of complaint when the Courts of this State accord to her the same mode of procedure prescribed for the citizens of this State, especially when she is not thereby deprived of any substantial right.

There will, moreover, be no hardship in this case, for the reason that the plaintiff has already qualified as the administratrix of her deceased husband, and the defendant is willing

for the substitution to be made upon the record without the bringing of another action.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.