VIVIAN KIRKBRIDE, Respondent, v. GILBERT H. VAN NOTE, as Administrator of the Estate of JAMES D. KIRKBRIDE, Deceased, Appellant.

Argued June 8, 1937; decided July 13, 1937.

246

*Harry R. Cooper* for appellant. Section 1159 of the Civil Practice Act is mandatory, and, upon a proper application, the court must annul the provision of the judgment for payment of alimony subsequent to the remarriage of the plaintiff. (*Linton* v. *Hall*, 86 Misc. Rep. 560; *Skidmore* v. *Skidmore*, 160 App. Div. 594; *Schley* v. *Andrews*, 225 N. Y. 110; *Sleicher* v. *Sleicher*, 251 N. Y. 366; *Dumproff* v. *Dumproff*, 138 Misc. Rep. 298; *Severance* v. *Severance*, 260 N. Y. 432; *Cohen* v. *Cohen*, 150 Cal. 99.) The motion to modify the judgment was not personal to the husband, but could be made after his death by his administrator. (*Hunter* v. *Hunter*, 197 App. Div. 678; *Pond* v. *Pond's Estate*, 79 Vt. 352; *Litzell* v. *Hart*, 96 Wash. 471; *Fishback* v. *Forkner Fig Gardens*, 23 Pac. Rep. [2d] 293; *Morrison* v. *Hass*, 229 Mass. 514; *Gove* v. *Gove*, 64 N. H. 503; *Thorburn* v. *Gates*, 184 App. Div. 443; *Nickerson* v. *Nickerson*, 34 Ore. 1; *Thomas* v. *Thomas*, 57 Md. 504; *Danforth* v. *Danforth*, 111 Ill. 236; *Wood* v. *Wood*, 136 Iowa, 128.) The Special Term should not have granted the order vacating the order of substitution. (*Kidder* v. *Hesselman*, 119 Misc. Rep. 410; *Feiber Realty Corp.* v. *Abel*, 242 App. Div. 786; *Gunther* v. *American Label Co.*, 243 App. Div. 528.)

*William E. Bardusch* for respondent. The right to a modification of a judgment of divorce is personal and does not vest in the legal representatives of a deceased party. (*Wilson* v. *Hinman*, 182 N. Y. 408; *Harris* v. *Harris*, 259 N. Y. 334; *Rice* v. *Andrews*, 127 Misc. Rep. 826; *Matter of Altmann*, 149 Misc. Rep. 115.) Modification of the provisions of the judgment in respect to alimony upon the ground of remarriage cannot be made retroactive or *nunc pro tunc* as of the date of remarriage, but becomes effective only from the date of application. (*Cary* v. *Cary*, 217 N. Y. 670; *Mowbray* v. *Mowbray*, 136 App. Div. 513; *Krauss* v. *Krauss*, 127 App. Div. 740; *Harris* v. *Harris*, 259 N. Y. 334.) Substitution of parties cannot be made in a divorce action; the right to obtain a modification of the alimony provisions of a judgment of divorce is personal and abates upon the death of the defendant husband. (*Groh* v. *Groh*, 35 Misc. Rep. 354; *Watson* v. *Watson*, 1 Hun, 267; *Hunt* v. *Hunt*, 154 App. Div. 833; *Matter of Crandall*, 196 N. Y. 127; *Bryon* v. *Bryon*, 134 App. Div. 320; *Wilson* v. *Hinman*, 182 N. Y. 408; *Harris* v. *Harris*, 259 N. Y. 334; *Rice* v. *Andrews*, 127 Misc. Rep. 826; *Matter of Altmann*, 149 Misc. Rep. 115; *Cary* v. *Cary*, 217 N. Y. 670.) A foreign administrator is without legal capacity to sue or be sued or to initiate proceedings in the courts of this State. (*Wikoff* v. *Hirschel*, 258 N. Y. 28; *Helme* v. *Buckelew*, 229 N. Y. 363.)

FINCH, J. The plaintiff and James D. Kirkbride were married in 1914. In 1926 a decree of divorce was obtained by the plaintiff, which provided for the payment of alimony in the sum of eighty dollars per month. In 1926, several months after the divorce, the plaintiff remarried, and at that time the husband ceased making alimony payments. Apparently the plaintiff made no claim while the husband was alive. The husband died in August of 1936, and shortly thereafter the plaintiff filed a claim with the defendant, his administrator in

New Jersey, for $9,520 for alimony alleged to be due to her from October, 1926, to September, 1936, a period of nine years and eleven months. The administrator disputed the claim, and the plaintiff instituted suit against him in New Jersey. That suit has been stayed pending this application in the New York courts for a modification of the judgment herein by annulling the provision directing the payment of alimony for the period subsequent to the remarriage of the plaintiff. The administrator obtained an *ex parte* order substituting him as the defendant in this action. He then made a motion for an order modifying the judgment by annulling the provision for alimony *nunc pro tunc* as of the date of the remarriage. The plaintiff thereupon procured an order to show cause why the order of substitution should not be vacated. Both motions were argued together, and the order of substitution was vacated, and the motion to modify the divorce judgment was denied, on the grounds that the right to modify the judgment with respect to alimony was personal to the husband, and, even if made by him, the modification could be granted only as to alimony coming due after the date of the application. The Appellate Division has affirmed both orders and has certified various questions to this court.

Section 1159 of the Civil Practice Act governs the procedure for modification of a divorce judgment under such circumstances as are involved in the case at bar. At the time of the divorce and the remarriage of the plaintiff that section read as follows: " Where an action for divorce is brought by a wife, and a final judgment of divorce has been rendered in her favor, the court, by order upon the application of the defendant on notice, and on proof of the marriage of the plaintiff after such final judgment, must modify such final judgment and any orders made with respect thereto by annulling the provisions of such final judgment or orders, or of both, directing payments of money for the support of the plaintiff."

In 1934 the section was amended by substituting the word " husband " for the word " defendant." (L. 1934, ch. 220.)

The provision of the Civil Practice Act is mandatory. Where a former wife has remarried and an application is made for modification of the judgment with respect to the direction of payment of money for the support of the former wife, the court " must modify," and cannot in its discretion refuse to do so. Alimony is awarded for present maintenance, and " as a matter of public policy a wife who has a husband with whom she is living should be supported by him and not by one from whom she has been divorced." (*Schley* v. *Andrews*, 225 N. Y. 110, 114.) The law recognizes the unfairness of requiring a husband to pay alimony for a period during which his former wife is married to another. In view of the mandatory character of this provision and the public policy behind it, there can be no doubt that the right to apply for modification is not personal to the husband, and, if the husband should die before making such application, his representative, upon whom, under section 83 of the Civil Practice Act, the liability devolves, may apply for such modification. The modification is not limited to the time subsequent to the application. It applies *nunc pro tunc* as of the time of the remarriage to all unpaid alimony. To hold otherwise would enable a woman to conceal her remarriage and thereby obtain alimony from her former husband while she is living with a new spouse.

The case of *Cary* v. *Cary* (217 N. Y. 670) is cited to us as supporting the contention of the plaintiff that the modification can apply only to alimony accruing subsequent to the application. That case was affirmed by a divided court. To the extent that the affirmance of the determination of the lower courts in that case may conflict with the conclusions we have reached herein, that case must be deemed overruled.

The section of the Decedent Estate Law (Cons. Laws, ch. 13), section 160, which provided that a foreign administrator could sue or be sued in the courts of this State, has been repealed, and now foreign administrators have no better standing in our courts than they had at common law. At common law, a foreign administrator had no standing in the courts of this State unless he first had himself appointed as an ancillary administrator. (*Helme* v. *Buckelew*, 229 N. Y. 363.) The defendant in the case at bar, however, apparently is not entitled to be appointed an ancillary administrator, since it seems that there are no assets of the estate to be found in this State. (Surr. Ct. Act, § 45, subds. 3, 4; *Matter of Rogers*, 225 App. Div. 286; affd., 254 N. Y. 592; *Ziemer* v. *Crucible Steel Co.*, 99 App. Div. 169; 3 Beale on Conflict of Laws, § 467.2.) An exception to the prevailing rule that foreign administrators have no standing in our courts is sometimes made as a matter of comity in the interests of justice. (See *Helme* v. *Buckelew*, *supra*, at p. 366; *Thorburn* v. *Gates*, 184 App. Div. 443. See, also, *Petersen* v. *Chemical Bank*, 32 N. Y. 21, 43.) Thus, in exceptional cases, suits against foreign administrators have been entertained where it is essential to the administration of justice. (*Holmes* v. *Camp*, 219 N. Y. 359, 372; *De Coppet* v. *Cone*, 199 N. Y. 56, 61.)

In several cases a foreign administrator has been permitted without question to be a party to certain proceedings. In *Matter of Davis* (182 N. Y. 468) a foreign administrator was permitted to oppose probate in New York. Similarly foreign administrators have been allowed to seek remission of removables from the foreign State (*Matter of Hughes*, 95 N. Y. 55), and to move to revoke letters of administration in New York (*Matter of McCabe*, 84 App. Div. 145; affd., 177 N. Y. 584). In none of these cited cases was the question discussed, but they are illustrative of the situations where a foreign administrator is permitted to appear in the courts of this State

without first obtaining an appointment as ancillary administrator. The usual reason for refusing such a foreign administrator a standing in our courts does not exist, since he has not attempted to institute an action, nor is suit being brought against him. Similarly in the case at bar the defendant did not seek to institute an action or recover assets in this State; nor is he being made a defendant in a newly instituted action in this State. To deny him permission to appear and apply for modification of the judgment of divorce in so far as it directs the payment of alimony after the remarriage of the plaintiff, would work a gross injustice, and the courts, as a matter of comity, should permit him to make such application.

The orders should be reversed, without costs. The certified questions should be answered as follows:

In the main case, questions 1, 2 and 3 (a) should be answered in the affirmative. Question 3 (b) is not answered.

In the appeal from the vacation of the order of substitution, the certified question also should be answered in the affirmative.

CRANE, Ch. J., HUBBS, LOUGHRAN and RIPPEY, JJ., concur; LEHMAN, J., dissents; O'BRIEN, J., taking no part.

Orders reversed, etc.