**PIRNIE v. ANDREWS et al.**

District Court, S. D. New York.
Oct. 5, 1939.

McLaughlin & Stickles, of Mount Vernon, N. Y. (Frank H. Foley, of Mount Vernon, N. Y., of counsel), for plaintiff.

Stanley Osserman, of New York City (Ira M. Belfer, of New York City, of counsel), for defendant Eleanor U. Andrews.

GODDARD, District Judge.

This is a motion to remand on the ground that the State Court never had jurisdiction over the removing defendant, as that defendant is a foreign executrix and had no standing in the State Court and was never entitled to remove.

Under Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, defendant's status must be determined by the law of the State of New York.

A foreign executrix may not sue nor be sued purely in her representative capacity in the courts of New York. Kirkbride v. Van Note, 275 N.Y. 244, 9 N.E.2d 852, 112 A.L.R. 243; Flandrow v. Hammond, 13 App.Div. 325, 43 N.Y.S. 143; Helme v. Buckelew, 229 N.Y. 363, 128 N. E. 216; Beale Conflict of Laws, Vol. 3, par. 513.1 and cases cited therein.

There are exceptions to the Rule that a foreign representative has no standing in the courts of the State of New York but these exceptions relate, generally, to suits with respect to the title to property within the State or to other situations which are not applicable here. See Kirkbride v. Van Note, supra.

This case was removed on the ground that a separable controversy existed involving the diversity of citizenship which, with the elimination of the foreign representative, is no longer a part of it. The proper procedure therefore is to remand. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, at page 295, 58 S.Ct. 586, 82 L.Ed. 845.

The motion to remand to the State Court is granted. Settle order on notice.