## KLECKNER v. LEHIGH VALLEY R. CO.

### Civil No. 1482.

District Court, E. D. New York.

Nov. 22, 1940.

Fearey, Allen & Johnston, of New York City, for plaintiff.

Alexander & Green, of New York City, for defendant.

MOSCOWITZ, District Judge.

This is a motion to dismiss the complaint on the ground that the plaintiff allegedly lacks capacity to sue. The action is one for wrongful death under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–59, brought against the defendant, a Pennsylvania corporation doing business in New York. The injuries were sustained in the State of New York while the decedent, a Pennsylvania resident, was engaged in interstate commerce in the employ of the defendant. This suit is brought by the duly qualified Pennsylvania administratrix of the decedent's estate.

The Employers' Liability Act gives a right of action for wrongful death to the "personal representative" of the decedent (45 U.S.C.A. § 51) and permits that action to be brought in a district in which the defendant is doing business at the time of

commencing the action. 45 U.S.C.A. § 56. Construing these sections together, certain courts have concluded that the domiciliary representative is given the right to sue in any district court without seeking ancillary letters. Krieger v. Lehigh Valley Railroad Co., Civil 2—123, D.C.S.D.N.Y.[1]; Civil 556, D.C.E.D.N.Y.[1]; Weibelhaus v. Lehigh Valley Railroad Co., D.C.E.D.N.Y.[1] These cases proceed upon the theory that the statute creates a substantive right to bring the action in any district court, which cannot be circumscribed by Rule 17 (b) of the Rules of Federal Procedure, 28 U.S.C.A. following section 723c, a procedural rule making the law of the state in which the district court sits determinative of the capacity to sue of one acting in a representative capacity.

On the other hand, the Court in Rejsenhoff v. Colonial Navigation Co., D.C.S.D. N.Y., 35 F.Supp. 577, in considering a substantially identical question under the Jones Act 46 U.S.C.A. § 688), held that unless the state court would permit an action by the foreign administratrix, the federal court could not. There is thus created a conflict of authorities which makes imperative an analysis of the consideration motivating each line of cases.

 The cases in the first group above cited, start from the premise that, when the statute gave the right of action to the personal representative to be brought in any federal district court where jurisdiction could be obtained, it thereby vested the cause of action in the domiciliary representative alone. This assumes, that an ancillary administrator is not a personal representative of the estate. With that assumption this Court cannot agree. It would appear, rather, that the substantive statute merely placed the cause of action in the "personal representative" leaving it to the state law to determine which personal representative, domiciliary or ancillary, might prosecute the cause of action. Viewed in this light, Rule 17 (b) does not defeat substantive rights, but is wholly consistent with the statute creating the cause of action and vesting it in the personal representative of the estate. Accordingly, pursuant to Rule 17 (b), the capacity of the plaintiff to sue must be determined under the law of the State of New York.

 Since the repeal of Section 160 of the New York Decedent Estate Law, Consol. Laws, c. 13, foreign executors and administrators lack the privilege of bringing actions in the State of New York except insofar as this privilege may be granted pursuant to some other statute. In this connection Section 130 of the New York Decedent Estate Law provides as follows: "The executor or administrator duly appointed in this state, or in any other state, territory or district of the United States, or in any foreign country, of a decedent who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued." As can be noted, this section gives the personal representative, whether appointed under the laws of the State of New York or a foreign state, the privilege of suing in New York for wrongful death. In Diatel v. Gleason, D.C.S.D. N.Y., 22 F.Supp. 355, it was held that this statute did not give a foreign administratrix the right to sue in New York where the accident did not take place in the State of New York. The Court did note, however, that the action could be brought in the State of New York by the foreign administrator, where the situs of the accident was in New York.

It thus appears that New York has opened its doors to suits by foreign administrators in the case of death actions. The action in the instant case, though formally brought under a federal statute, is similarly an action for wrongful death. There is, therefore, no apparent reason for concluding that any distinction would be drawn between the recognition which New York would give to each of the two actions when brought by foreign administrators. Accordingly, since New York would permit suit to be brought by a foreign administrator in a case of this sort, the plaintiff must be deemed to meet the requirements of Rule 17 (b) with respect to capacity to sue. The motion is therefore denied.

Settle order.

---

[1] No opinion for publication.