In the Matter of the Estate of WILLIAM D. CLARK, Deceased.

Surrogate's Court, New York County, August 27, 1941.

*Joseph A. Cox*, for the Public Administrator, petitioner.

*Samuel L. Marcus*, for the Modern Industrial Bank, respondent.

*Alexander & Green* [*David R. Blossom* of counsel], for the Equitable Life Assurance Society of the United States, respondent.

*Alanson R. Fredericks*, for Ollyamphia de Grace Bell, and Alfred W. Ingalls, temporary administrator of William Gilbert Bell, an absentee, respondents.

*Francis F. X. Browne*, for Edward P. Sullivan, creditor.

DELEHANTY, S. An action heretofore pending in the Municipal Court was transferred to this court and was tried. Its purpose was to establish the rights of Modern Industrial Bank to certain moneys coming due to the estate of deceased from a life insurance company. The claim of the plaintiff is validated to the extent of its actual advances, $504.90. The court holds that the assignment to the plaintiff is valid in this sum and that only the balance, if any, of the money due from the life insurance company is payable to the estate.

Two other controversies in the accounting proceeding relate to certain insurance policies. One of these is a group policy, so called, under which $2,000 is payable. The other is a straight insurance of the face amount of $3,000. A policy loan is outstanding against this policy which concededly is a first charge on its proceeds. The question here for decision is as to the person entitled to the surplus over the loan.

Deceased did business in New York city and was known here as William D. Clark. His actual name was Bell. He intermarried in Massachusetts with one Ollyamphia de Grace. Before the marriage Mrs. Bell had instituted a proceeding against deceased to establish the paternity of a child theretofore born to her. In such proceeding deceased formally acknowledged in writing his paternity of her son, William Gilbert Bell. Deceased as a consequence of that proceeding also intermarried with the mother of his son. It is conceded that under Massachusetts law the effect of the intermarriage and of the acknowledgment of the paternity of William Gilbert Bell by deceased establishes the fact that William Gilbert Bell is the lawful issue of deceased.

As respects the $2,000 payable under the group policy the controversy is only between the public administrator and Ollyamphia Bell, deceased's widow. In respect of the $3,000 policy the controversy is only between the public administrator and the representatives of William Gilbert Bell. These representatives make

no claim under the group policy, and the widow makes no claim under the $3,000 policy.

Deceased had already left Massachusetts before the paternity proceedings were instituted there. He assumed the name William D. Clark when he came to New York. He intermarried in New York with a woman thereafter known as Norma H. Clark. She predeceased him by one day. She was named as beneficiary of both policies and was described as " wife " therein. It is on the basis of this description of the beneficiary that the public administrator and the creditors of William D. Clark assert that his surviving widow, Ollyamphia Bell, has no interest in the group policy. The public administrator and deceased's creditors argue in respect of the $3,000 policy that the son of deceased must be deemed to have predeceased him and so the policy is payable to the estate because the widow has made no claim to it. In connection with the latter policy the insurance company makes further objection that the representatives of the son are not entitled to receive the benefit under the policy though the company contends that the policy is payable to him. The reason for this position of the insurance company is found in the history of the son of deceased. That history was elicited by the testimony of his mother. She became a competent witness in respect of her son's rights under this policy by reason of her concession that it was payable to her son. She testified that her son had been a wanderer since his adolescence and that she saw him only on rare intervals and only for short periods when he returned to the vicinity of Boston, Mass., where the mother had her home. The son was employed in various capacities on ships of various sorts. Apparently he had married and had been divorced. Whether the proof be regarded as showing that he was last heard of by the witness in 1931 or at a later date, the proof requires the finding that he presumptively is still living. Nothing in his history warrants the finding of actual death antecedent to that of deceased. On the contrary, the presumption must be indulged that he is still living.

The life insurance company asserts that the son is still living and it asserts that there is a defect in the proceeding under which his representatives were appointed. Clearly Massachusetts is the State of the son's domicile of origin. The proofs in the record show that that State is still the State of his domicile. Accordingly that State has the authority to deal with his property as that of one of its citizens. Under Massachusetts law a receiver can be appointed for an absentee and the appointment of such receiver does not imply a finding of death but rather the contrary. The receiver so appointed in Massachusetts has appeared in this court and claims the funds in his character as receiver. In an effort to meet the

objections of the insurance company the same individual obtained letters of temporary administration under the Surrogate's Court Act of this State. In respect of the latter appointment the insurance company asserts jurisdictional defects. The court is of the view that the decree is valid so far as the insurance company is concerned by reason of the terms of section 80 of the Surrogate's Court Act, but the court has determined that the sound procedure in this estate is to recognize in this court the receiver of William Gilbert Bell appointed in the State of his domicile. The court has power as a matter of comity to recognize this foreign appointment. (*Kirkbride* v. *Van Note*, 275 N. Y. 244.)

There is here involved an admitted liability of the insurance company to pay the balance due under the policy to the son of deceased. This is challenged only by the creditors of deceased on a basis which the court has held to be unsound. There is no reason, therefore, why the payment should not be made to the representative of the son validly appointed in the State of his domicile. So to authorize payment is to avoid circuity of procedure — an end validated by the cited case.

In respect of the $2,000 group policy the argument of deceased's creditors is that the deceased intended payment to be made to Norma H. Clark, his " wife;" that such designation of beneficiary establishes an intent of deceased not to recognize his lawful wife; and that in consequence the policy terms must be read as if they contained no reference to a surviving widow. Having reached this point in their argument the creditors, as already stated, say that the son must be deemed to have predeceased the deceased and so the funds are payable to his estate. The term " wife " applied to Norma H. Clark is mere matter of description. Her right under the policy would be absolute had she survived the deceased though she was not in truth the wife of deceased. It is correct to say that the deceased intended the policy to be paid to the individual known as Norma H. Clark. It is impossible, however, to follow the argument further. The text of the policy expressly provides for substitute beneficiaries. The first of these in order of right is the surviving widow. The acceptance by deceased of a certificate evidencing participation by him in a group policy having these provisions for substitute beneficiaries is, of course, an acceptance by him of the program for payment should his named beneficiary predecease him.

Accordingly the proceeds of the $2,000 group policy are held to be payable to Ollyamphia Bell; and the net proceeds of the $3,000 policy are held to be payable to Alfred W. Ingalls, as receiver of the estate of William Gilbert Bell, an absentee.

Submit, on notice, decree settling the account accordingly.