DAVID M. NEUBERGER, as Executor of HARRY S. HART, Deceased, Respondent, v. MARTHA B. HART, Appellant, and HELEN M. FOWLER, Defendant-Respondent.

Second Department, November 1, 1943.

*Bernard J. O'Connell* for appellant.

*Murray Ratner* (*David M. Neuberger* with him on the brief), for plaintiff-respondent.

CLOSE, P. J. This motion was brought pursuant to section 84 of the Civil Practice Act to have David M. Neuberger substituted as plaintiff in the action in place of Harry S. Hart, deceased. The affidavit submitted in support of the motion alleged that letters testamentary had been issued to the respondent, David M. Neuberger, as executor under the will of the original plaintiff by the Probate Court for the District of Stamford, State of Connecticut, and that he had duly qualified as such executor. It appeared that said plaintiff had died a resident of Stamford, Conn., after the commencement of this action in the Supreme Court, County of Kings, and after issue had been joined.

The complaint alleged that the plaintiff had turned over to defendant Martha B. Hart, his wife, the sum of $1,000, to purchase premises in the town of Babylon, N. Y., under an agreement by which the wife agreed to reconvey to plaintiff at his request; that she had taken title in her own name; that carrying charges had been paid out of money belonging to the plaintiff; that defendant Martha B. Hart had conveyed the premises to defendant Helen M. Fowler without the consent of the plaintiff, and had taken back a purchase-money mortgage in the sum of $3,500. Judgment was asked for an accounting, that defendant Martha B. Hart be directed to pay to plaintiff the amount ascertained to have been advanced by him, and that the amount thereof be adjudged a lien and charge on the bond and mortgage; and that defendant Helen M. Fowler be required to pay the amounts due, not in excess of the mortgage, to be applied in reduction of the bond and mortgage.

The pertinent part of section 84 of the Civil Practice Act as it is now in force reads as follows: " *Proceedings when sole party dies and action survives.* In case of the death of a sole plaintiff or a sole defendant, if the cause of action survives or continues, the court, upon a motion, must allow or compel the action to be continued by or against his representative or successor in interest."

At common law a foreign administrator or executor had no standing to sue or be sued in the courts of this State. (*Hopper* v. *Hopper,* 125 N. Y. 400.) There were some few exceptions made to this rule in the interests of justice. (See *Kirkbride* v. *Van Note,* 275 N. Y. 244, 250.)

It has been decided that the language of section 84 of the Civil Practice Act (derived from Code Civ. Pro. § 757) does not give the court a blanket authority to substitute as a party a foreign administrator or executor who had no capacity to sue

or be sued in our courts at common law. (*Matter of Webb,* 11 Hun, 124; *Lyon* v. *Park,* 111 N. Y. 350; *Flandrow* v. *Hammond,* 13 App. Div. 325; *McGrath* v. *Weiller,* 98 App. Div. 291.) The same ruling has been made by a Federal court interpreting a similar Federal statute. (*Kropff* v. *Poth,* 19 Fed. 200, C. C. D. N. J.)

This result is amply justified by proper rules of construction. The predecessor statutes from which section 84 is derived were enacted so that revivor would not be necessary in actions where the cause of action survived. (*Holsman* v. *St. John,* 90 N. Y. 461.) This statute is remedial and was not passed to expand the qualifications of foreign administrators, and should be limited to its original purpose. (*American Historical Society* v. *Glenn,* 248 N. Y. 445, 450.) So long as the statute does not specifically change the common-law rule as to the standing of foreign representatives, that construction should be given which more closely adheres to the common law. (*People* v. *Phyfe,* 136 N. Y. 554.) There is no logical distinction between continuing an action and starting an action which would justify the court in giving greater recognition to foreign administrators or executors. (*McMaster* v. *Gould,* 240 N. Y. 379, 384.)

Nor is the plaintiff-respondent within one of the exceptions to the common-law rule. The jurisdiction which equity sometimes assumed " was exceptional, and was kept within narrow bounds. * * * It was limited to cases where a failure of justice would follow if equity withheld relief." (*Helme* v. *Buckelew,* 229 N. Y. 363, at p. 367.) In *Bergmann* v. *Lord* (194 N. Y. 70) a judgment creditor sought to reach a vested remainder interest established by a deceased judgment debtor. It was held that jurisdiction of the foreign administrator would be assumed to prevent a failure of justice. Similarly, it has been held that a foreign executrix may be made a party defendant in an action to foreclose a chattel mortgage on goods within this State. (*Callanan* v. *Keenan,* 158 App. Div. 84.) In the case of *Montgomery* v. *Boyd* (78 App. Div. 64, 72) domestic creditors were permitted to sue a foreign executor on the theory that there was a fund held by such executor within the State and that all that was sought to be reached were the particular assets within the jurisdiction. The court justified the assumption of jurisdiction with language which is a test generally applicable in suits against foreign administrators: " Unless this fund can be reached in a court of equity in this State, this plaintiff is without remedy and must be dismissed because of the impotency of the court to afford him relief, which is simply a confession of a failure of justice and of the inability of the

State to protect its citizens in the enforcement of their conceded rights.''

The holding in *Lehr* v. *Sarason* (224 App. Div. 709) is not in conflict with this rule.

In each of the cases where equity has assumed jurisdiction the foreign representative was the party defendant, and assumption of jurisdiction was justified only because a resident plaintiff or domestic creditor sought a determination as to a *res* within the jurisdiction of the court. Even in *Montgomery* v. *Boyd* (*supra*) the court pointed out that if the foreign executor had been the plaintiff, he would have had to take out ancillary letters here. There is no authority in this State under which a foreign executor or administrator may sue as plaintiff on the simple basis that he is prosecuting a case in equity rather than at law.

The other exceptions under which courts have assumed jurisdiction of suits brought by foreign administrators or representatives are only upon the basis that the administration of justice would be thwarted if the suit were not entertained. For instance, in *Kirkbride* v. *Van Note* (275 N. Y. 244, *supra*) a foreign administrator as defendant was permitted to appear in our courts to apply for a modification of a judgment of divorce against his decedent. It was pointed out in that case that the moving party was not attempting to institute an action for the recovery of assets located in this State, and inasmuch as it would be impossible for ancillary administration to be taken out where there were no assets within the State, the defendant would be deprived of all remedy if the suit were not entertained. We have also permitted suits by foreign representatives bringing an action pursuant to a foreign statute creating a right of action for wrongful death. (See *Murray* v. *N. Y., O. & W. R. R. Co.*, 242 App. Div. 374.) This may be justified again on the ground that it is an action *in personam;* that there are no assets of the deceased within the State and that unless the suit were permitted it would be impossible for the family of the deceasd to recover a judgment *in personam* against a defendant resident in New York. It may also be justified upon the grounds suggested by CARDOZO, Ch. J., in *Wikoff* v. *Hirschel* (258 N. Y. 28, at p. 32), namely, that a foreign representative suing to recover for wrongful death may be a '' special statutory trustee, privileged to sue any where.''

Basically, the complaint here is to recover upon an agreement made and a debt existing within the State. The wife, as far as the record shows, is a resident of New York and the property upon which the mortgage is a lien is situated here.

Ancillary administration could very easily be had by this plaintiff (see *Matter of Rogers,* 225 App. Div. 286, 289) since there are assets located here. There seems to be no reason why a foreign executor should not qualify here in order that domestic creditors, if any, might be cited in accordance with the pertinent sections of the Surrogate's Court Act (§ 159 *et seq.*).

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, since a substitution of this foreign executor as plaintiff is not justified by section 84 of the Civil Practice Act, nor does such executor come within one of the well-recognized exceptions so that equity would find it necessary to assume jurisdiction in the interest of justice.

HAGARTY, JOHNSTON, TAYLOR and LEWIS, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.