REYNOLDS v. CINCINNATI, N. O. & T. P. RY. CO.

No. 184.

District Court, E. D. Kentucky.

Oct. 2, 1945.

William J. Deupree and Jos. B. McGlynn, both of Covington, Ky., for plaintiff.

Galvin, Tracy, Crawford, Geoghegan & Levy, of Cincinnati, Ohio, for defendant.

SWINFORD, District Judge.

The record is before me on the defendant's motion to dismiss the complaint on the grounds that the plaintiff lacks capacity to sue. The action is brought under the Federal Employers' Liability Act, §§ 1–10, 45 U.S.C.A. §§ 51–60.

The complaint alleges that the plaintiff qualified as the administratrix of the estate of Ollie James Reynolds before the County Court of Morgan County, Tennessee, a court of suitable and competent jurisdiction; that the plaintiff's decedent was killed through the negligence of the defendant, its agents and employees, near Oakdale, Tennessee on July 13, 1943, while the deceased was engaged in working for and on behalf of the defendant as a yardmaster.

The question to be determined on this motion is the legal right of the plaintiff to prosecute this action in the United States District Court in Kentucky.

The question is covered by Rule 17(b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c. I quote this rule:

"(b) Capacity to Sue or Be Sued. The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held; except that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States."

166

Testing this case by the rule, it is disclosed by the record that the plaintiff is acting in a representative capacity and her right to sue must be determined by the law of the State of Kentucky.

The law in the State of Kentucky is well settled by an apparently, unbroken line of authorities since the early case of Louisville & Nashville R. Co. v. Brantley's Adm'r, 96 Ky. 297, 28 S.W. 477, 49 Am.St. Rep. 291. The last expression on this point is found in Vassill's Adm'r v. Scarsella, 292 Ky. 153, 166 S.W.2d 64. These cases hold that a foreign administrator cannot prosecute an action in Kentucky unless expressly authorized to do so by statute. I can find no such statutory provision in Kentucky that would authorize an action for recovery under the Federal Employers' Liability Act. Howevermuch the soundness of this rule, as applied to present day litigation, might be questioned, I am bound by this decision and the motion to dismiss should be sustained. Kleckner v. Lehigh Valley R. Co., D.C., 36 F.Supp. 600.