## ORLOFF v. HAYES et al.

District Court, S. D. New York.
June 12, 1946.

Lyman Stansky, of New York City, for plaintiff.

Charles Korn, of New York City, for defendant Gerli.

Hayes, Nottingham & Combs, of New York City, for defendant Hayes.

RIFKIND, District Judge.

Defendants move for summary judgment dismissing the third, fourth, fifth and sixth causes of action of the amended complaint, on the following grounds:

1. Plaintiff, individually, is not the proper party to bring and maintain these causes of action.

2. Plaintiff, as executrix, is not properly before this Court as a party plaintiff.

3. Plaintiff, as executrix, does not have capacity to bring and maintain these causes of action.

Jurisdiction in this case is founded on diversity of citizenship. Answers have been served to the first two causes of action but not to the causes of action challenged by the instant motion.

Originally this action was commenced with "Sonia Said Orloff and Alexander Orloff, as guardian ad litem of Boris Said, Jr., an infant", as plaintiffs. Defendants' previous motion for summary judgment was granted with leave to serve an amended complaint. Pursuant to the leave thus obtained, an amended complaint was served wherein Sonia Said Orloff was named as plaintiff. Thereafter plaintiff, Sonia Said Orloff, moved under Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for leave to serve an amended complaint. A copy of the proposed amended complaint was not submitted to the court. Upon that motion the permission of the court was not sought to add additional parties. The motion was granted. Pursuant thereto an amended complaint was served wherein there were named as plaintiffs "Sonia Said Orloff, individually and as executrix of the Last Will and Testament of Boris Said, deceased." It is that complaint which is challenged by the present motion.

The amended complaint is divided into six causes of action. The first and second assert claims on behalf of the plaintiff individually. The third, fourth, fifth and sixth assert claims in behalf of the plaintiff as executrix. It is alleged in the latter causes of action that plaintiff and defendant Hayes are executors of the estate of Boris Said, deceased, who at the time of his death was a resident of Connecticut, and that they qualified as such in the Court of Probate for the District of Greenwich, in the State of Connecticut. There is no allegation that ancillary letters issued in New York State.

I shall treat the several grounds of the motion in inverse order.

As to the third ground: Rule 17(b) provides that where a person sues in a representative capacity, "capacity to sue * * * shall be determined by the law of the state in which the district court is held". Under New York law a personal representative, such as an executrix, appointed in another state, may not maintain a suit in New York. Cooper v. American Airlines, Inc., 2 Cir., 1945, 149 F.2d 355, 357; Pirnie v. Andrews, D.C.S.D.N.Y., 1939, 30 F.Supp. 157; Kucharski v. Pope & Talbot, D.C.S.D. N.Y., 1944, 4 F.R.D. 208. Nothing has been indicated to bring the case within the exceptions to the prevailing rule stated in Kirkbride v. Van Note, 1937, 275 N.Y. 244, 250, 9 N.E.2d 852, 112 A.L.R. 243.

Nor has the defense been waived under Rule 12(h) as the motion is timely, Kucharski v. Pope & Talbot, supra. It follows that the motion must be granted on ground 3.

As to ground 2, Rule 21 provides: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action, and on such terms as are just". No order of the court has been secured to add the executrix as a party plaintiff. This defect, however, is capable of correction and would not alone, in the instant case, justify summary judgment.

As to the first ground, there is no basis for the contention that plaintiff individually is not the proper party to bring and maintain the challenged causes of action, since these claims are asserted by the plaintiff not in her individual but in her representative capacity.

Motion granted; settle order.