## LA SALLE NAT. BANK v. PENNSYL-VANIA R. CO.

## CAGLE v. PENNSYLVANIA R. CO.

### Nos. 47C1715 and 47C1720.

United States District Court
N. D. Illinois, E. D.

May 14, 1948.

Edward L. Richter, of Chicago, Ill., for plaintiff La Salle Nat. Bank.

Leo M. Tarpey, of Chicago, Ill., for plaintiff Walter O. Cagle.

Theodore Schmidt and P. J. Cronin, both of Chicago, Ill., for defendant for both cases.

CAMPBELL, District Judge.

The only question to be determined now is which of these suits should proceed to trial. Walter O. Cagle is the domiciliary administrator, appointed by the Circuit Court of Vigo County, Indiana. The La-Salle National Bank was appointed administrator by the Probate Court of Cook County, Illinois. The asset being administered is the cause of action on behalf of the decedent's widow against the defendant under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

■ This act gives the right of action in a death case to the employee's personal representative for the benefit of his widow if he leaves one surviving. The act does not limit the personal representative who can enforce such right of action to the domiciliary representative. Anderson v. Louisville & Nashville R. Co., 6 Cir., 1914, 210 F. 689. Thus actions by different ad-

ministrators can proceed in different jurisdictions; but since there can be only one recovery, the first action to proceed to judgment precludes recovery in any others. Scott v. New York, C. & St. L. R. Co., 7 Cir., 1947, 159 F.2d 618.

■ Federal Civil Rule 17(b) leaves the capacity to sue of one acting in a representative capacity to be determined by the law of the state in which the district court is held. Thus the capacity to sue, of the personal representative who is enforcing the right of action under the Federal Employers' Liability Act, is to be determined by state law. Kleckner v. Lehigh Valley R. Co., D.C.E.D.N.Y. 1940, 36 F.Supp. 600.

■ The Illinois Probate Act allows foreign administrators to sue without ancillary appointment in the absence of appointment of a resident administrator; but upon the appointment of a resident administrator, the latter shall be substituted for the non-resident administrator, the suit heard and determined as if originally filed by the resident administrator, and the benefit of the judgment shall inure to and be assets in his hands. Smith-Hurd Ill.Ann.Stat., c. 3, § 419. The effect of this section is to withdraw the capacity to sue of a foreign administrator during the course of proceedings upon the appointment of a resident administrator; it follows that a non-resident administrator has no capacity to file a suit if a resident administrator has been appointed.

It also appears from the testimony of the decedent's widow on this hearing that she desires the resident administrator to enforce the action on her behalf.

■ It is accordingly ordered that case 47C1720 be dismissed for the plaintiff's lack of capacity to sue; and that case 47C1715 be set for trial on Friday, September 24, 1948.