**ANDERSON v. LANE.**

Civ. A. No. 2667.

United States District Court
E. D. South Carolina, Aiken Division.

May 3, 1951.

J. Strom Thurmond, Charles E. Simons, Jr., Thurmond, Lybrand & Simons, Aiken, S. C., for plaintiff.

P. F. Henderson, Henderson & Salley, Aiken, S. C., for defendant.

TIMMERMAN, District Judge.

Homer E. Anderson, a citizen of Georgia, having been appointed by the Probate Judge of Aiken County, South Carolina, to be the administrator of the estate of his deceased wife, Virginia H. Anderson, brought this action in the District Court of the Eastern District of South Carolina, Aiken Division, against Lida E. Lane, a citizen of South Carolina, for $25,000 in damages on account of the alleged wrongful death in Georgia of his said wife. Although the original complaint did not in terms so state, it was evidently brought for the benefit of the

husband alone. The federal jurisdiction was predicated on the alleged diversity of citizenship between Anderson and Miss Lane, and the fact that the amount in controversy is more than $3,000.

. The defendant by her answer raised five defenses, the last two of which were upon the question of liability and need not now be considered. The first defense, which is now under consideration, raises the vital contention that Anderson as administrator has not the capacity or authority to bring and maintain the present action, because, as defendant alleges, Virginia H. Anderson left surviving her not only her husband, Homer E. Anderson, but two children by a former marriage, Joseph D. Cribb and Barbara Ann Cribb, who are citizens of the State of South Carolina, and that the fatal accident and resultant death of Virginia H. Anderson, the wife of Homer E. Anderson and the mother of Joseph D. Cribb and Barbara Ann Cribb, having occurred in Georgia that under the governing statutory laws of Georgia which alone give a right of action, that any action based on her death must be brought jointly and not separately by the husband and children, suing thus jointly, and cannot be brought and maintained by an administrator.

The second and third defenses were to the effect that the complaint herein, if maintainable at all, under the facts alleged must state that the action is for the benefit of Anderson and the Cribb children, as the husband and the children respectively of Virginia H. Anderson. In response to the second and third defenses the plaintiff in due time amended his complaint by so alleging, hence these defenses are no longer pertinent.

Acting under Section 12(d) of the Rules of Civil Procedure, 28 U.S.C.A., a hearing was granted upon the preliminary questions raised by the defendant's first defense of whether there is herein a lack of jurisdiction over the subject matter and a failure to state a claim upon which relief can be granted, which involves the question of whether the present action for damages for the alleged wrongful death of his wife may be brought and be maintained by Homer E. Anderson, as administrator.

At the hearing counsel agreed, and I find that the salient facts are that Virginia H. Anderson was killed while riding in an automobile owned and driven by the defendant, Lida E. Lane, in the City of Augusta, State of Georgia, on the 6th day of October 1950; that the plaintiff claims that the fatal accident was brought about by negligence, willfulness and wantonness on the part of the defendant, and that Homer E. Anderson, a citizen of Georgia, is the husband, and that Joseph D. Cribb and Barbara Ann Cribb, citizens of South Carolina, are the only children of the said Virginia H. Anderson. It is further a fact that the applicable provisions of the Statute of the State of Georgia, Annotated Code of Georgia, Sec. 105–1306, Civ.Code 1910, § 4424 reads as follows: "Homicide of wife or mother.—The husband and/or child or children may recover for the homicide of the wife or mother, and those surviving at the time the action is brought shall sue jointly and not separately, with the right to recover the full value of the life of the decedent, as shown by the evidence, and with the right of survivorship as to said suit, if either shall die pending the action. (Acts 1887, pp. 43, 45; 1939, p. 233.)"

The essential question to be decided herein is whether the applicable section of the Georgia Code providing, to phrase it in terms of this case, that the husband and children of the deceased "shall sue jointly and not separately", and which constitutes the lex loci of the alleged wrongful death in question, controls, or whether under the provisions of the applicable South Carolina statute, which constitutes the lex fori and which vests the right of action in an administrator, he may sue.

A multitude of decisions, both by federal and state courts, have dealt with the general question of the applicability of the lex loci or of the lex fori, as have numerous text books.

■ The foremost decisions of the Supreme Court of the United States upon the subject are Northern Pacific Railroad v. Babcock, 154 U.S. 190, 14 S.Ct. 978, 38 L. Ed. 958; American Railway Company of Porto Rico v. Birch, 224 U.S. 547, 32 S.Ct. 603, 56 L.Ed. 879; Winfree, as administra-

tor, v. Northern Pacific Railroad, 227 U. S. 296, 33 S.Ct. 273, 57 L.Ed. 518; Spokane & Inland ·E. Railway Co. v. Whitley, 237 U.S. 487, 35 S.Ct. 655, 59 L.Ed. 1060; and Vancouver Steamship Company, Ltd. v. Rice, 288 U.S. 445, 53 S.Ct. 420, 77 L. Ed. 885. These decisions are definitely to the effect that the lex loci governs as to all matters that may be considered to be substantive and which create and effect the right to sue; but that as to any matters that may be considered to be merely procedural the lex fori will govern.

To the foregoing list of applicable decisions of the United States Supreme Court the following decisions by Courts of Appeal and District Courts of the United States upon the general question involved may be added, namely, Kleckner v. Lehigh Valley Railroad, D.C., 36 F.Supp. 600; Carter v. Pennsylvania Railway Co., D.C., 9 F.R.D. 477; La Salle Nat. Bank v. Pennsylvania R. Co. (Cagle v. Pennsylvania Railway Co.) D.C., 8 F.R.D. 316; Reynolds v. Cincinnati, N. O. & T. P. Railroad Co., D.C., 7 F.R.D. 165; Cooper v. American Airlines, 2 Cir., 149 F.2d 355, 162 A.L.R. 318; Smith v. Bevins', D.C., 57 F.Supp. 760; Suders v. Campbell, D.C., 73 F.Supp. 112; and Pirnie v. Andrews, D.C., 30 F.Supp. 157.

The general subject in hand has also been considered and adjudged by the Supreme Court of South Carolina in Dennis v. Atlantic Coast Line Railway Co., 70 S.C. 254, 49 S.E. 869; Morrow v. Atlantic & C. Air Line Railway Co., 84 S.C. 224, 66 S.E. 186; Smith v. Southern Railway Co., 87 S.C. 136, 69 S.E. 18; and Rauton v. Pullman Co., 183 S.C. 495, 191 S.E. 416; and the following decisions from other states may be added to the already impressive list, namely, Usher v. West Jersey Railroad Co., 126 Pa. 206, 17 A. 597, 12 Am.St.Rep. 863; Oates v. Union Pacific Railway, 104 Mo. 514, 16 S.W. 487, 4 L.R.A. 261, 24 Am.St. Rep. 348; McGinnis v. Missouri Car & Foundry Company, 174 Mo. 225, 73 S.W. 586, 97 Am.St.Rep. 553; and Dickinson, Administrator v. Jones, 309 Pa. 256, 163 A. 516, 85 A.L.R. 1226.

All of the decisions arrive at the definite conclusion that all substantive questions are governed by the lex loci, with such merely procedural matters as may arise being governed by the lex fori. The pivotal question involved in this inquiry then is whether with the Georgia Code Section involved providing, as applied to this instant case, that the husband and children "shall sue jointly", a substantive requirement is presented, or whether the question of who shall sue is merely procedural.

The opinion of the Court of Appeals of the 4th Circuit rendered by Judge Parker in Betts v. Southern Railway, 71 F.2d 787, 789, is illumining. In the Betts case a resident of North Carolina had been killed in Virginia. The resultant action was brought in a United States District Court of North Carolina. As to the very question involved in the present matter, the Court ruled that the question of who might maintain the action, that is to say the party in whom that right is vested is a substantive right. The decision succinctly and authoritatively ruled as follows: "All matters pertaining to the substantive right of recovery under a wrongful death statute, including the right to recover, the nature of the right, and the party in whom it is vested, are governed by the law of the state where the injury resulting in death occurred. Ormsby v. Chase, 290 U.S. 387, 54 S. Ct. 211, 78 L.Ed. 378; 8 R.C.L. 737."

In the Betts decision, the Court of Appeals cited the decision of the Supreme Court of the United States in Ormsby v. Chase, 290 U.S. 387, 54 S.Ct. 211, 78 L.Ed. 378. An examination of that decision reveals the fact, of course, that the question of who may sue, in a death case, is denominated by the Supreme Court therein as a "substantive right" which right can be given only by the lex loci. To the same effect is the decision of the Court in Kleckner v. Lehigh Valley Railway Co., D.C., 36 F.Supp. 600, and the text of 25 C.J.S., Death, § 28, p. 1101, and 11 Am.Jur., p. 500, Sec. 187. No right to sue, at all, exists or survives unless the lex loci confers that right, and its substantive provisions must be complied with.

Plaintiff's counsel in opposition to the defense in question rely upon the decision of the Supreme Court of South Carolina in

268

Bussey v. Charleston & W. C. Railway Co., 73 S.C. 215, 53 S.E. 165, and the decision of the Supreme Court of the United States in Stewart v. Baltimore & O. Railway Co., 168 U.S. 445, 18 S.Ct. 105, 42 L.Ed. 537. A careful examination of these two decisions reveals the fact, however, that the former definitely, and the latter when considered with other decisions of the same court, do not support plaintiff's position.

In the Bussey decision a husband and father had been killed. The applicable section of the Georgia Survival Statute provided simply that "A widow, or if no widow, a child or children, may recover for the homicide of the husband or parent." Civ. Code 1895, § 3828. The action in question had been brought by the widow personally. The defendant had demurred on the ground that an administrator must sue. The Supreme Court of South Carolina ruled:

"The underlying question is whether the provision in the Georgia statute relative to parties authorized to bring the action, pertains to the right or to the remedy. If it was intended to affect the right of recovery, then the action should conform to such requirement; while, on the other hand, if it should be regarded as remedial, the courts of this state will apply the mode of procedure prevailing in this state.

"Our construction of the Georgia statute is that its intention was to designate the beneficiaries, and not to prescribe the mode of procedure. *If the statute of Georgia had provided as a consideration precedent to a recovery of damages that the action should be brought in the name of the widow, such provision would have formed part of the right instead of the remedy,* and, when an action was brought in another state, it would have to be instituted in her name." (Emphasis added.)

In the instant case the applicable Georgia Statute, however, provides that in the case of the alleged wrongful death of a wife and mother, that the husband and children must sue jointly. This vital difference in the two Georgia Code Sections differentiates the two cases, and as the South Carolina Supreme Court specifically states in the

Bussey decision the provisions of the Section applicable to the instant case "affect the right of recovery" and does not merely "designate the beneficiaries".

In the Stewart case, the fatal accident occurred in Maryland, while the action was brought in the District of Columbia. The governing statutes of the two jurisdictions differed as to who might bring the action, but neither statute provided, as does the Georgia Statute applicable to this case, that the beneficiary should sue. The Court adverted to this distinction and then in its later decisions of Winfree v. Northern Pacific Railway, supra, and American Railway of Porto Rico v. Birch, supra, definitely held that where the governing survival Statute of the jurisdiction of the fatal accident vests the right of action directly in the beneficiary, that this beneficiary alone may sue.

The whole consideration may be cogently summarized in the words of Sec. 395 of the American Law Institute's Restatement upon the Subject of Conflicts of Laws, which reads as follows:

"Right of Action to Widow or Named Relative.

"If the death statute of the state of wrong provides that action for death shall be brought by the widow, the widower, or a named relative of the deceased, the person so designated is the only person to bring suit, though the death statute of the forum provides for suit by a personal representative of the deceased.

"Comment:

"a. In such a case, recovery cannot be had by the personal representative."

No Georgia decisions were cited in the otherwise able briefs of counsel and due to recent illnesses I have been unable to make a complete investigation of Georgia decisions. However, such of them as I have read seem to support the views herein expressed. See Watson v. Thompson, 1938, 185 Ga. 402, 195 S.E. 190; Thompson v. Watson, 1938, 186 Ga. 396, 197 S.E. 774, 782, 117 A.L.R. 484; Hood v. Southern Railway Co., 1929, 169 Ga. 158, 149 S.E. 898. In Thompson v. Watson, supra, it was said: "It would seem to follow from

the rulings in these [cited] cases, that in the instant case, where the statute gives the right of action to the 'children' of the deceased, all of the children must join in the action"; and in Hood v. Southern Railway Co., supra:

"The language of the second clause could not be stricken from the statute, and will admit of no other construction than that the right of action given to the husband and children of the mother was joint. This construction was placed upon the statute in Thompson v. Georgia Railway & Power Co., 163 Ga. 598, 602, 136 S.E. 895, 897, where it was said:

" 'The main purpose of the act of 1887 was to give the husband the right to recover jointly with her children for the homicide of his wife. The only effect of this act so far as children are concerned, is to lessen the amount which they could recover for the homicide of their mother, as under this act the full value of the life of the wife was to be shared by the husband and children jointly.' " [169 Ga. 158, 149 S.E. 901.]

■ While I cannot escape the conclusion that the question here involved is substantive rather than procedural, it should be noted that Rule 19(a) of Federal Rules of Procedure provides: "Subject to the provisions of Rule 23 and of subdivision (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants." The Georgia statute specifically gives the right of action for the wrongful death of a wife and mother to her surviving husband and children and also specifically provides that they "shall sue jointly and not separately".

Since it is a fact that both the children of the deceased and the defendant are citizens and residents of South Carolina, it follows that diversity, an essential of the jurisdiction of this court, would be destroyed if the children of the deceased should be made parties plaintiff to this action.

■ My conclusion of law is that the present action cannot be maintained by Homer E. Anderson as the administrator of the estate of Virginia H. Anderson but that any action based on her alleged wrongful death can be maintained only by her surviving husband and children suing jointly. Hence the defendant's first defense as pled in her answer is sustained.

An order dismissing the complaint herein will be granted.