■ PAULINE MULLER, as Administratrix of the Estate of MORRIS MULLER, Deceased, Appellant, v. YETTA MULLER, Respondent.— In 1934 respondent obtained a judgment of separation, in this State, from appellant's intestate with an allowance of alimony. Thereafter he obtained a divorce in California and there remarried and died, leaving, it is asserted, a substantial estate. Claiming that the intestate had concealed his true financial condition upon an application by respondent in 1947 for an increase in alimony, and with a view towards making an application *nunc pro tunc* for a similar increase, respondent secured an order directing the foreign administratrix of the intestate's estate to show cause why she should not be substituted in the separation action, as plaintiff in place of her intestate. Said order was served on the administratrix personally in California, where she had been appointed. She appeared herein specially to contest the jurisdiction of the court. It appears that there are no assets of the estate within this State. The appeal is from an order which, *inter alia,* directed that appellant, as administratrix, be substituted as plaintiff. Order reversed, with $10 costs and disbursements, and motion denied. A substitution such as is sought herein is allowable where the foreign representative, and not his opponent, seeks it (*Kirkbride* v. *Van Note,* 275 N. Y. 244; *Helme* v. *Buckelew,* 229 N. Y. 363; *Neuberger* v. *Hart,* 266 App. Div. 612), except where a determination as to a *res* within this jurisdiction is involved (*Matter of Gantt* [*Hurtado & Cia*], 286 App. Div. 212; 2 Carmody-Wait on New York Practice, p. 13, § 12). Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.