Louis B. Heller, J.
Plaintiff husband (hereinafter “plaintiff ”) in an annulment action, in which judgment was entered in 1963 in his favor annulling his marriage to defendant wife (hereinafter “ defendant ”) for incurable insanity for a period of more than 5 years, moves to amend the judgment of dissolution by deleting therefrom the provision for the support of the defendant and also deleting therefrom the provision requiring security for such support (the undertaking and the assignment made to the Department of Mental Hygiene of the State of New York) on the ground that defendant’s subsequent marriage on June 18,1967 (following her discharge from the New Jersey State Hospital at Trenton, New Jersey) to one Willie G-remmage in Sumter, South Carolina, relieves him of the obligation imposed by the provisions of section 141 of the Domestic Relations Law to continue to support her.
The application is based solely upon the contention that defendant’s marriage to another man relieves plaintiff from the obligation to support from the date of such marriage.
It is a matter of public policy that a wife should be supported and maintained by the husband she is living with and not by the husband from whom she has been divorced (Kirkbride v. Van Note, 275 N. Y. 244), whether in “an action for divorce or for an annulment ” (Domestic Relations Law, § 248).
The only opposition to the present motion has been interposed by the Attorney-General of the State of New York on behalf of the Department of Mental Hygiene. However, the cases cited by the Attorney-General are distinguishable. Not one of them involves a situation where, as here, the wife, after discharge from an institution, marries another man.
The court finds no language in section 141 of the Domestic Relations Law which would in any way indicate an intent upon the part of the Legislature to effect a change in the public policy expressed in section 248 thereof which relieves a husband from continuing support to a spouse who marries another man and is presumably living with him as husband and wife.
In the court’s opinion, sufficient has been shown herein warranting modification of the judgment of annulment to the extent sought. Motion granted.