JAMES GIBB, as Executor of JULIA R. SMALL, Deceased, Plaintiff, *v.* DONALD M. CHISHOLM et al., Defendants.

Supreme Court, Special Term, New York County, November 17, 1953.

*Edwin B. Roberts* for Winifred C. Browne, defendant.

*Barnett Hollander* and *Sydney J. Schwartz* for plaintiff.

EDER, J. Motion of defendant Winifred Chisholm Browne to dismiss the complaint on the ground that plaintiff is without legal capacity to sue is granted. As to the second ground of the motion to dismiss, viz., that the complaint is legally insufficient in that it does not state facts sufficient to constitute a cause of

action, determination thereof is deemed unnecessary in view of the dismissal on the first motion ground, since thereby the action is at an end.

It appears that Julia Rhinelander Small, deceased, died a resident of England, and that plaintiff, who was named in the will which was probated in England, was appointed the domiciliary executor of the estate.

The defendant B. Otto Jacobsen is the ancillary executor, appointed in New York, of the same estate of Julia Rhinelander Small, by the Surrogate's Court of Rockland County, in which county the deceased left personal property at the time of her death.

The instant action was instituted to recover funds which were distributed some ten years ago under a final accounting decree of the Surrogate's Court to the committee of the property of one Frederick A. M. Schieffelin, then an imcompetent, and since deceased.

The plaintiff, who, as mentioned, is the English executor of said decedent's estate, sues, as plaintiff, because it is alleged, the defendant B. Otto Jacobsen, as ancillary executor of said estate, has failed and refused to sue after request by plaintiff to do so.

Learned counsel for the respective parties have supplied the court with illuminating and engrossing briefs, attesting conscientious legal research, and exhibiting scholarship and skill in application and debate, for which they are to be highly commended.

The court has examined the cases and statutes cited and has carefully considered and given due reflection to the divers contentions advanced, pro and con, and has arrived at the ultimate conclusion that the contention of movant that plaintiff foreign executor is without legal capacity to sue in this State is sustained by the weight of authority and thus renders imperative the dismissal of the complaint.

The status of the defendant ancillary executor (Jacobsen) is akin to that of an original executor (*Matter of Pratt,* 143 Misc. 751); section 166 of the Surrogate's Court Act declares, so far as here material, that "The provisions of this act, relating to the rights, powers, duties and liabilities of an executor or administrator, apply to a person to whom ancillary letters are granted, as prescribed in this article * * * except where special provision is otherwise made in this article; or where a contrary intent is expressed in, or plainly to be inferred from the context."

As such ancillary executor he alone is the real party in interest and vested with the legal right to bring suit or defend in connection with any matter pertaining to the estate over which he functions as such ancillary executor.

Plaintiff refers to section 210 of the Civil Practice Act, as indicating his right as such foreign executor to sue, as he has here, on the theory that he is the real party in interest, presumably on the premise that plaintiff, as such foreign executor, holds title to the assets of the decedent's said estate. Nothing contained therein suggests such a construction for an ancillary executor does have title to the assets of the deceased similarly as does a principal executor (*Smith* v. *Second Nat. Bank,* 169 N. Y. 467).

Thus this theory as authorizing plaintiff's right to sue must be held to be untenable.

Nor does section 160 of the Decedent Estate Law aid the plaintiff as giving him, as English executor, the power to sue in this State. Section 160, entitled "*Suit by foreign executor, administrator or other legal represetnative of a decedent*", provides, so far as here pertinent, that "An executor, administrator or other legal representative of a nonresident decedent, duly appointed or authorized by the law of any other state, territory or other jurisdiction of the *United States* where decedent was domiciled may sue in any court of this state in his capacity of executor, administrator or representative in like manner and under like restrictions as a person residing without the state may sue, subject to the following provisions: " (Emphasis supplied).

It is to be observed that this enactment is limited to an executor appointed or authorized by the law of any State, territory or other jurisdiction of the *United States* where decedent was domiciled, which appears to indicate the exclusion of foreign executors, such as the plaintiff, from the privilege of suing in this State and warrants the implication and inference of a legislative intent that a foreign executor was required to procure the appointment of an ancillary representative in this State.

Counsel for plaintiff appears to be in accord with this view for he submits that the rules which should be considered as applicable and governing "are those which might exist independently of statute", by which the court assumes that counsel's version is that plaintiff's right to sue, as a foreign executor, is permissible under the common-law rules.

The court finds itself unable to concur in this view. If the Legislature intended that a foreign executor or foreign administrator should have the power to sue in this State, it is a fair inference and assumption it would have so declared when enacting said section 160 of the Decedent Estate Law.

By bringing this action plaintiff foreign executor is attempting to usurp the authority of the ancillary executor which right of action, seemingly, has been intentionally denied him by the Legislature enacting said section 160 in its present form without including him as a foreign executor in the privilege to bring suit.

As the court views the present state of the law concerning plaintiff's legal capacity to sue, it denies him the right to sue and he can only be represented through the medium of an ancillary executor, and where an ancillary executor is derelict in the performance of his duties, improperly, inefficiently or incompetently discharges them, is neglectful and indifferent, the remedy is by application to the Surrogate to have him removed and a new ancillary representative appointed, and this limited remedy cannot be avoided or by-passed by resorting to an action, as was done here, by an allegation that the ancillary executor has failed and refused, after request by plaintiff, to bring such action, and hence plaintiff brings it. The fact so alleged does not confer upon plaintiff the right to sue, which as mentioned, appears to have been denied him.

The complaint is dismissed upon the ground that plaintiff is without legal capacity to sue.

Settle order.