Mitchell D. Schweitzer, J.
This is a motion by the deceased plaintiff’s wife, who is the administratrix of his estate, for an order .substituting her as the plaintiff in the action in place and instead of the deceased.
The action seeks the recovery of $16,000,000 for legal services rendered and is predicated upon an Argentine statute which allegedly provides that an attorney may not accept a sum of less than 2% of the contract’s value.
The action has been pending here for some time, with substantial pretrial procedures having been conducted, at least up to the time of plaintiff’s death. Plaintiff was an Argentine resident, and the defendant is a foreign corporation. Jurisdiction was apparently attained here, and such is not in issue.
In view of the nonresident status of the parties and the fact that ancillary letters may not be issued because there are no assets in this State, the relief sought is not available to the movant as of right, but rests in the sound discretion of the court. At common law it was the prevailing rule that foreign executors and administrators who had not qualified in New York could neither sue nor be sued in the courts of the State (Helme v. Buckelew, 229 N. Y. 363). Pragmatically oriented, the rule sought to preserve assets found here for the benefit of local *179 creditors (Montgomery v. Boyd, 78 App. Div. 64). Thus, in Newberger v. Hart (266 App. Div. 612, 617) the Second Department refused to permit the substitution of a foreign executor of a deceased plaintiff who would have been entitled to ancillary letters upon application to the Surrogate’s Court, stating that the court saw ‘ ‘ no reason why a foreign executor should not qualify here in order that domestic creditors, if any, might be cited in accordance with the pertinent sections of the Surrogate’s Court Act”.
A rigid application of the common-law rule, however, would create an “insoluble dilemma” for the foreign representative who was not entitled to letters in New York because no property of the decedent was located here (Seventeenth Annual Report of N. Y. Judicial Council, 1951, p. 166). In the leading common-law case of Kirkbride v. Van Note (275 N. Y. 244, 250-251) the Court of Appeals permitted the substitution of a foreign representative who was not entitled to ancillary letters, who had not instituted the action, and who was not seeking to recover any assets in the State. As the foreign administrator would have been deprived of all remedy were he not substituted, the motion was allowed “in the interests of justice ”. Several years later, Mr. Justice Rabiít, on the basis of KirJcbride (supra), held that an executrix who was not entitled to ancillary letters had no standing to institute an action absent a showing “that a gross injustice will result if plaintiff is not allowed to sue in our courts, or that plaintiff will be unable to enforce her rights elsewhere.” (Moses v. Wood & Selick, 93 N. Y. S. 2d 829, [831 Sup. Ct.], New York County.)
Quoting a 1938 Brooklyn Law Review article, the Judicial Council in 1951 underscored the absurdity of the common-law rule in the following words: ‘1 There 6 is no legal ground, when no rights of local citizens will be prejudiced, for refusing to recognize the foreign created rights of an administrator merely because they are foreign created.’ ” (Seventeenth Annual Report of N. Y. Judicial Council, 1951, p. 166.) That year section 160 of the Decedent Estate Law was enacted, granting representatives appointed under the laws of any State of the United States access to the courts of this State. In Gibb v. Chisholm (204 Misc. 892, 894) the court interpreted the omission of any specific reference in section 160 of the Decedent Estate Law to a representative appointed in a foreign country as warranting ‘1 the implication and inference of a legislative intent that a foreign executor was required to procure the appointment of an ancillary representative in this State.”
*180 The court’s rule that a British executor was without standing was certainly correct, since an ancillary administrator had already been appointed in the State. Ooncededly, the court’s opinion was also consistent with the accepted canons of construction, particularly where the predecessor section to section 160 of the Decedent Estate Law, in effect from 1911 to 1926 (L. 1911, ch. 631), had specifically included representatives appointed in foreign countries.
Nevertheless the nonexistence of any references to such representatives in the legislative history dealing with section 160 of the Decedent Estate Law indicates that the Legislature never considered the question at any great length. Indeed, the reasons which moved the Legislature to enact section 160, as set forth in the memorandum of the Judicial Council, applies universally to representatives, regardless of the origin of their appointment. In the words of the Council, “ The sole objection to permitting suits in New York by foreign executors and administrators is based upon the policy of protecting domestic creditors against removal of assets from the State, so that the domestic creditors are not compelled to seek redress in the foreign jurisdiction.” (Seventeenth Annual Report of N. Y. Judicial Council, 1951, p. 158.) The Council concluded, therefore, that: “ In the event the decedent is not indebted to a resident of this State, then the only cogent reason for denying the foreign executor, administrator or legal representative permission to sue in the courts of this State does not exist.” (p. 160). In the case at bar, the foreign administratrix cannot qualify for letters here or pursue the cause of action in any other jurisdiction. The papers do not disclose that there are resident creditors having any claims against the estate since the plaintiff’s death in March, 1965. The technical objections raised as to laches and the status of the movant as administratrix are without merit and, standing alone, do not warrant denial of the relief here sought. Under the circumstances, the only issue, therefore, is whether discretion should be exercised in favor of the substitution sought. Whatever the merits of the cause of action, they have not been raised on this motion. Since the action has been pending here and has otherwise been diligently prosecuted, no useful purpose would be gained by precluding movant from being substituted, especially since other forums may now time-bar another action and for the further reason that defendant has been defending the action all a long and demonstrates no prejudice to the continuation thereof by the movant. Neither the relevant decisions of the common law *181 nor the policy underlying section 160 of the Decedent Estate Law would, therefore, justify denying the instant motion. In the interests of justice, as a matter of comity, and in the exercise of the court’s sound discretion, the motion is accordingly granted.