■ WORLD SPORTS GROUP, INC., et al., Appellants, v MOTION PICTURE ACADEMY OF ARTS AND SCIENCES et al., Respondents. [709 NYS2d 56] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered March 5, 1999, which, upon the prior grant of defendants' motions, dismissed the complaint as against defendants Quinn Emanuel Urquhart & Oliver and Bud Meyerkamp for lack of personal jurisdiction, dismissed the complaint as against defendant Motion Picture Academy of Arts and Sciences on the ground of forum non conveniens, found the action to be frivolous and, after an inquest, awarded

defendants attorneys' fees in the amount of $3,000, unanimously affirmed, with costs.

In this action to enforce an alleged contract for the sale of $90 non-transferrable tickets to the Academy Awards ceremony for $5,000 per ticket, the court properly determined that it was without jurisdiction, pursuant to CPLR 302 (a) (3), over defendants Meyerkamp and Quinn Emanuel. Under the cited section of New York's long-arm statute, jurisdiction is premised on the defendant's commission of a tort outside New York causing injury within the State. Plaintiffs, however, having alleged merely that defendants breached a contract, have neither alleged (*see, Fallon v McKeon,* 230 AD2d 629, 630) nor offered proof of the commission of the jurisdictionally requisite tort.

After finding that personal jurisdiction against defendant Academy was probable, the court properly dismissed the action against the Academy on the ground of forum non conveniens.

Also proper was the court's construction and application of Arts and Cultural Affairs Law § 25.03, which unambiguously interdicts the unlicensed resale of theater tickets, in determining that plaintiffs' action was frivolous and, having properly found the action frivolous, the court appropriately awarded attorneys' fees to defendants pursuant to 22 NYCRR 130-1.1 (d).

None of plaintiffs' due process arguments have merit. Nor have plaintiffs presented valid allegations of impropriety against the various attorneys in this case.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J. P., Wallach, Rubin, Saxe and Buckley, JJ.