(January 19, 2010)

■ TAG 380, LLC, Appellant, v ESTATE OF HOWARD P. RONSON, Deceased, by its Executors, IVOR WALTER FREEMAN and Another, Respondent, et al., Defendants. [896 NYS2d 2]—

This action was commenced in 2004 by plaintiff TAG 380, LLC (TAG), as owner of a leasehold for the land and commercial building located at 380 Madison Avenue in Manhattan. TAG sought damages and injunctive relief for, inter alia, fraud and unjust enrichment in connection with its purchase of the leasehold, against nine defendants, including Howard Ronson. TAG, which is owned by Sheldon Solow, claimed that defendants fraudulently inflated the rent of the leasehold and nullified TAG's option to purchase the fee estate. Solow also alleged that he was charged excessive and illegal closing costs. Defendants moved to dismiss on the ground that the action was frivolous.

In a decision filed July 7, 2005, the motion court sustained plaintiff's claim involving an alleged late rent payment and dismissed the rest of the complaint as "completely without merit." With regard to the fraud and unjust enrichment claims, the court added that they were "premised on an implausible, if not absurd, factual scenario." The court found that sanctions were warranted given the baseless nature of the complaint. It noted that sanctions had been awarded against Solow and his attorneys in several prior lawsuits. The court awarded sanctions in the amount of $10,000 against both plaintiff and its counsel at the time, Dreier LLP, and also awarded defendants their

actual expenses and reasonable attorneys' fees, with the specific amount of the latter to be determined after a hearing. An order and judgment based on this decision was entered July 18, 2005, which, insofar as pertinent, held the action in abeyance pending the completion of a hearing before a special referee to hear and report on the issue of attorneys' fees and expenses. There is no record of a notice of appeal having been filed from this order and judgment.

The hearing commenced on January 22, 2007, during which Ronson's counsel submitted bills reflecting fees and expenses of more than $300,000. However, Ronson, a citizen of the United Kingdom and resident of the Principality of Monaco, died on March 21, 2007 and proceedings were stayed until a duly appointed personal representative could be substituted. Ronson's last will and testament, executed and duly registered under the laws of Monaco, where he resided at the time of his death, provided for the appointment of Barclays Private Bank & Trust Limited as executor and trustee of the "will trust" and of Ivor Walter Freeman as an additional executor and trustee. A motion for substitution was made after TAG refused to consent to a stipulation for substitution. TAG inexplicably cross-moved for sanctions.

By order dated September 6, 2007, the court denied the estate's motion to substitute Barclays and Freeman, with leave to renew. The court found that the estate failed to submit competent evidence as to Freeman's status as a successor or personal representative of Howard Ronson or his authority to speak on behalf of the coexecutor Barclays and that the estate also failed to address the issue of whether foreign representatives must have ancillary letters from a New York State court. The court also denied TAG's cross motion for sanctions "as entirely without merit."

By order to show cause brought March 11, 2008, Barclays and Freeman, as executors of the estate, again moved for substitution of the estate in place of Ronson, this time supported by affidavits and a translated copy of Ronson's will reflecting the due appointment of Freeman and Barclays as executors. Freeman and Barclays averred that they are both responsible for collecting and distributing the assets under the will and are the designated trustees of any trust that receives assets. They also asserted that Ronson's remaining interest in the action, i.e., his right to recover sanctions in the form of attorneys' fees and expenses, passed at his death, along with the residual assets, to the estate, with any recovery to be held by the executors until distributed to a trust.

Remy Brugnetti, a lawyer licensed in Monaco and counsel for the executors, offered his legal opinion that, under the laws of Monaco, Freeman and Barclays would be the appropriate persons to pursue assets and claims, including the award of sanctions at issue in this action previously belonging to Ronson. Additionally, he explained that where a will has been executed in "authentic" form, there is no formal estate administration or judicially supervised "probate" proceeding in Monaco. Rather, administration is a private matter overseen by a notaire, a concept unique to civil law. According to Brugnetti, Barclays and Freeman appear on an established list of approved trustees and they became the executors simply by their appointment in the will without any further act or demonstration necessary under the laws of Monaco.

TAG opposed the renewed motion for substitution and cross-moved to vacate the award of attorneys' fees and expenses based on the unreasonable delay in substituting the proper party defendant for Ronson. Relying both on what it claims to be well-settled common law in New York and on Surrogate's Court Procedure Act § 1601, TAG contended that to have standing in New York courts a foreign executor is required to obtain ancillary letters "to sue or be sued."

In reply, Ronson's estate argued that a foreign executor is only required to obtain ancillary letters to sue in New York, and not when the decedent is or was a defendant. In further support of the estate's position that there is no need for ancillary letters, Freeman averred that the estate does not own or possess any property located in New York.

By order entered August 25, 2008, the court granted the motion for substitution, finding that the estate had addressed the previously identified deficiencies and demonstrated that Freeman and Barclays are Ronson's duly appointed executors. The court rejected TAG's contention that the estate could not pursue the sanctions award without first obtaining New York ancillary letters, reasoning that no precedent requires such letters where "the defense of the action has been concluded and the foreign defendant has not asserted an independent counterclaim, but merely seeks to continue with a previously commenced hearing on the amount of Ronson's reasonable expenses and attorneys' fees in defending the action." Further, the court denied TAG's cross motion to vacate the award to Ronson of attorneys' fees and reasonable expenses.

We hold that the court properly granted the motion to substitute Freeman and Barclays as executors of Ronson's estate, and properly directed resumption of the Special Referee's

hearing, without requiring ancillary letters. When a party to an action dies and a claim for or against the party is not thereby extinguished, the court shall order substitution of the proper parties (CPLR 1015 [a]), upon a motion for substitution to be made before or after final judgment by the successors or representatives of a party or by any party (CPLR 1021). In this case, counsel for the estate provided sufficient documentary evidence to support the court's finding that Freeman and Barclays were the duly appointed executors of Ronson's estate under the laws of Monaco and thus are the proper parties for substitution.

TAG's argument that estate executors and administrators appointed in foreign countries cannot be sued in the courts of New York unless they have ancillary letters lacks merit. Contrary to TAG's unsupported position, representatives appointed in foreign countries must obtain New York ancillary letters or other appointment only to invoke jurisdiction and sue in New York (see 41 NY Jur 2d, Decedents' Estates § 1584, citing EPTL 13-3.5 [a]; *Haines v Cook Elec. Co.*, 53 Misc 2d 178, 179 [1967]). The law, i.e., EPTL 13-3.5, does not directly address whether foreign representatives appointed in other jurisdictions of the United States or foreign countries must have ancillary letters or other appointment in New York in order to be sued in New York. Were we to adopt TAG's argument that a foreign country executor must have New York ancillary letters in order to be sued, surely no responsible foreign executor would ever obtain ancillary letters for the privilege of being sued in a New York court. Whether a foreign executor can be sued in New York is not governed by requirements for ancillary letters as TAG argues, but by the scope of the applicable long-arm statute, which provides for jurisdiction over, and service of process upon, nondomiciliaries and absent residents (see CPLR 302, 313, 1015 [a]; 1021; Siegel, NY Prac § 85, at 146 [4th ed], citing *Rosenfeld v Hotel Corp. of Am.*, 20 NY2d 25 [1967]).

Here, the foreign executors seeking to substitute for the deceased Ronson never invoked the jurisdiction of New York courts as they were neither plaintiffs nor counterclaiming defendants in this action. They seek to appear for the sole purpose of obtaining a determination regarding the amount of fees and costs incurred as a result of TAG's frivolous complaint against Ronson. A defendant's motion for sanctions based on frivolous conduct does not convert him or her into a claimant or plaintiff for jurisdictional purposes (*cf. World Sports Group v Motion Picture Academy of Arts & Sciences*, 273 AD2d 53 [2000]).

Furthermore, even if TAG's contention were a viable one based on the common-law rule that generally required foreign

executors to have ancillary letters to sue or be sued in New York (*see Helme v Buckelew*, 229 NY 363, 365-367 [1920]), the grant of this motion would still have been a provident exercise of discretion. The common-law rule requiring ancillary letters was never meant to be applied as a uniform bar to suit. It allowed for exceptions in the interests of the estate and when failure of justice would follow if equity withheld relief (*see id.* at 367-368; *Kirkbride v Van Note*, 275 NY 244, 250-251 [1937]; *Haines v Cook Elec. Co., supra*). Such an exception would be warranted here, given that the purpose of these postjudgment proceedings is to fix the amount of sanctions for bringing a frivolous complaint, a matter of public interest (*see Levy v Carol Mgt. Corp.*, 260 AD2d 27, 34 [1999]). There is no legal or practical reason to further delay final disposition of this matter. Concur—Saxe, J.P., Catterson, McGuire, Moskowitz and Acosta, JJ.