*770 The relevant facts are set forth in a related appeal (see Kranenberg v TKRS Pub, Inc., 99 AD3d 767 [2012] [decided herewith]).
In his original papers submitted in opposition to the defendants’ motion for summary judgment, the plaintiff submitted a videotape without any evidence of its authenticity and, thus, the Supreme Court declined to consider it. The Supreme Court granted those branches of the defendants’ motion which were for summary judgment dismissing the first and third causes of action, and the plaintiff subsequently moved, inter alia, for leave to renew his opposition to those branches of the defendants’ motion, again submitting the videotape, together with an affidavit to authenticate it.
A motion for leave to renew must be “based upon new facts not offered on the prior motion that would change the prior determination,” and must provide a “reasonable justification for the failure to present such facts on the prior motion” (CPLR 2221 [e] [2], [3]; see Rowe v NYCPD, 85 AD3d 1001, 1003 [2011]; Matter of Korman v Bellmore Pub. Schools, 62 AD3d 882, 884 [2009]). Here, even assuming that the plaintiffs excuse for failing to provide the affidavit in his original opposition papers could be deemed a reasonable justification, the facts derived from the videotape did not raise a triable issue of fact as to the first and third causes of action, and thus, the videotape would not have changed the Supreme Court’s prior determination granting those branches of the defendants’ motion which were for summary judgment dismissing those causes of action (see Millan v AMF Bowling Ctrs., Inc., 38 AD3d 860, 861 [2007]). Accordingly, leave to renew was properly denied (see Matter of Korman v Bellmore Pub. Schools, 62 AD3d at 884). Angiolillo, J.R, Dickerson, Belen and Chambers, JJ., concur.