The appellant, nonparty Traub Lieberman Straus & Shrews-berry LLP (hereinafter Traub Lieberman), was retained by American Guarantee & Liability Insurance Company (hereinafter American Guarantee), the liability insurance carrier for the defendant Mildred Didio, to represent Didio and the defendant HV Abstract in this action, which was commenced in August 2008. In a letter dated November 16, 2011, American Guarantee advised Didio that it was disclaiming coverage and that, effective November 15, 2011, it would no longer pay any defense costs incurred by her in this action. After Didio subsequently refused Traub Lieberman’s request that she personally pay for her defense costs, Traub Lieberman moved to withdraw as counsel. That motion was denied in an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated January 23, 2012. Approximately five months later, Traub Lieberman made a second motion to withdraw as counsel. In an order entered August 28, 2012, the Supreme Court (Connolly, J.) denied the motion.
Initially, we regard Traub Lieberman’s second motion as one for leave to renew. A motion for leave to renew shall be based, inter alia, on new facts not offered on the prior motion that would change the prior determination, and shall contain reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221 [e]; Koeppel-Vulpis v Lucente, 110 AD3d 851, 852 [2013]; Eskenazi v Mackoul, 92 AD3d 828, 828-829 [2012]). Here, Traub Lieberman failed to set forth new facts which would warrant a change in the Supreme Court’s prior determination that Traub Lieberman’s motion to withdraw as counsel was an improper attempt to test the propriety of the disclaimer of coverage by American Guarantee (see Pryer v DeMatteis Orgs., 259 AD2d 476, 477 [1999]; Garcia v Zito, 242 AD2d 258, 259 [1997]). Accordingly, the Supreme Court properly denied Traub Lieberman’s motion, in effect, for leave to renew.
Mastro, J.P, Roman, Hinds-Radix and LaSalle, JJ., concur.