■ PII Sam, LLC, Respondent, v Vincent Mazzurco, Appellant, et al., Defendants. Susan Yeh, Nonparty Respondent. [995 NYS2d 205]—

In an action to foreclose a mortgage, the defendant Vincent Mazzurco appeals from an order of the Supreme Court, Queens County (Strauss, J.), entered January 22, 2013, which denied his motion, in effect, for leave to renew and reargue those branches of his prior motions which were, inter alia, to set aside the foreclosure sale of the subject property.

Ordered that the appeal from so much of the order as denied that branch of the appellant's motion which was, in effect, for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the nonparty respondent.

The Supreme Court properly considered the appellant's motion as one, in effect, for leave to renew and reargue those branches of his prior motions which were, inter alia, to set aside the foreclosure sale of the subject property, since the appellant admittedly made repeated prior applications for the same or similar relief (*see Viehl v Doran Group*, 118 AD3d 695 [2014]; *Cangro v Cangro*, 272 AD2d 286 [2000]).

The Supreme Court properly denied that branch of the appellant's motion which, in effect, sought renewal, because the appellant failed to present "new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and, moreover, presented no reasonable justification for failing to submit the purportedly new evidence when he previously moved for similar relief (*see* CPLR 2221 [e] [3]; *see Jovanovic v Jovanovic*, 96 AD3d 1019 [2012]).

The appellant's remaining contentions, including that he was not in default of the stipulation of forbearance and that the plaintiff failed to provide appropriate notice of his alleged default, have been rendered academic in light of the foregoing. Dickerson, J.P., Leventhal, Sgroi and LaSalle, JJ., concur.