OPINION OF THE COURT
William B. Rebolini, J.
It is ordered that this motion by plaintiff, Unkechaug Indian Nation, for an order granting injunctive relief against defendant, Smokes for Less Smoke Shop, is denied; and it is further ordered that the cross motion by defendant is granted to the extent it seeks an order dismissing the complaint pursuant to CPLR 3211; and it is further ordered that the separate motion by plaintiff for injunctive relief is denied as moot; moreover, plaintiff presented no reasonable justification for failing to submit the additional evidence when it previously moved for identical relief (see PII Sam, LLC v Mazzurco, 121 AD3d 1063 [2d Dept 2014]).
Plaintiff Unkechaug Indian Nation commenced this action by the filing of a summons and complaint on January 30, 2015 to recover damages for the alleged violation of tribal resolutions. It is alleged in the complaint that the defendant, Smokes for Less Smoke Shop, is an unlicensed business operating on tribal lands that sells cigarettes below the minimum price per carton set by the Tribal Council. Plaintiff now moves for injunctive relief enjoining defendant from operating its smoke shop until all alleged violations have been corrected. Defendant has opposed the application and has cross-moved for an order dismissing the action and other relief.
In order to prevail on a motion for a preliminary injunction, the movant must demonstrate, by clear and convincing evidence, (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of the equities favors the movant’s position (Blinds & Carpet Gallery, Inc. v E.E.M. Realty, Inc., 82 AD3d 691 [2d Dept 2011]). Plaintiff has failed to sustain its burden. Although plaintiff claims that defendant has violated its resolution by failing to possess a license and by *626 selling “cartons [of cigarettes] for substantially less than the minimum prices established by the Tribal Council,” both the complaint and the affidavit of Thomasina Mack, Keeper of the Records, contain conclusory allegations that fail to show that the plaintiff has a likelihood of success of the merits (see Ahead Realty LLC v India House, Inc., 92 AD3d 424 [1st Dept 2012]). Furthermore, it appears from the record before this court that George Jackson, doing business as Smokes Four Less Smoke Shop, formerly known as GJ Smokes, sued in this action as Smokes for Less Smoke Shop, was acknowledged by the Unkechaug Nation by letter dated November 6, 2014 and letter dated November 7, 2014 as the operator of the Smokes Four Less business, and that he was permitted to purchase unstamped cigarettes by the Unkechaug Tribal Council as of November 4, 2010. Thus, it has not been established that plaintiff has a likelihood of ultimate success on the merits or that a balancing of the equities favors plaintiff. Moreover, “[e]conomic loss, which is compensable by money damages, does not constitute irreparable harm” (Family-Friendly Media, Inc. v Recorder Tel. Network, 74 ALD3d 738, 739 [2d Dept 2010], quoting EdCia Corp. v McCormack, 44 AD3d 991, 994 [2007]). Accordingly, plaintiff’s motion for injunctive relief must be denied.
Title 25 of the United States Code, § 233, provides, in pertinent part:
“The courts of the State of New York under the laws of such State shall have jurisdiction in civil actions and proceedings between Indians or between one or more Indians and any other person or persons to the same extent as the courts of the State shall have jurisdiction in other civil actions and proceedings.”
Similarly, Indian Law § 5 provides: “Any action or special proceeding between Indians or between one or more Indians and any other person or persons may be prosecuted and enforced in any court of the state to the same extent as provided by law for other actions and special proceedings.” Although plaintiff invokes Indian Law § 5 as the statute that authorizes it to bring this civil action, it has been held that the statute governs private disputes between individual Indians, not disputes between an Indian and a sovereign tribe (see Matter of Ransom v St. Regis Mohawk Educ. & Community Fund, 86 NY2d 553 [1995]; see also Seneca v Seneca, 293 AD2d 56 [4th Dept 2002]). In addition, there is no evidence before this *627 court that the Tribal Council purported to authorize the commencement of a civil action against a blood-right member of the tribe. Furthermore, although plaintiff argues that this action “was commenced to force compliance with established Tribal Resolutions,” the complaint seeks recovery of damages for alleged unfair competition, not recovery of fines for the alleged violation of tribal rules. Thus, it appears that this court lacks subject matter jurisdiction over this action and, accordingly, dismissal is warranted.