Wells Fargo Bank, N.A. v Rindenow (2020 NY Slip Op 04616)





Wells Fargo Bank, N.A. v Rindenow


2020 NY Slip Op 04616


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-12791
 (Index No. 806/10)

[*1]Wells Fargo Bank, N.A., respondent,
v
Elisa Rindenow, etc., appellant, et al., defendants.


Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for appellant.
RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista and GreenbergTraurig, LLP [Adam P. Hartley and Patrick G. Broderick], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Elisa Rindenow appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered July 20, 2018. The order, insofar as appealed from, in effect, denied, as academic, that branch of that defendant's cross motion which was pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court entered May 22, 2012, which granted the plaintiff's unopposed motion pursuant to CPLR 3211(a) to dismiss that defendant's affirmative defenses and counterclaims.
ORDERED that the order entered July 20, 2018, is modified, on the law, by deleting the provision thereof, in effect, denying as academic that branch of the cross motion of the defendant Elisa Rindenow which was pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court entered May 22, 2012, and substituting therefore a provision denying that branch of the cross motion as untimely; as so modified, the order entered July 20, 2018, is affirmed insofar as appealed from, with costs to the plaintiff.
In 2010, the plaintiff commenced this action against the defendant Elisa Rindenow (hereinafter the defendant) and others to foreclose a mortgage encumbering real property located in Lawrence. After the defendant served an answer, the plaintiff moved pursuant to CPLR 3211(a) to dismiss the affirmative defenses and counterclaims asserted in the defendant's answer. The defendant failed to oppose that motion, which was granted by order entered May 22, 2012. By notice of motion dated August 7, 2017, the plaintiff moved, among other things, for an order of reference. By notice of cross motion dated March 28, 2018, the defendant moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate her default in opposing the plaintiff's motion pursuant to CPLR 3211(a) to dismiss her affirmative defenses and counterclaims. In an order entered July 20, 2018, the Supreme Court, inter alia, in effect, denied as academic that branch of the defendant's cross motion which was to vacate her default. The defendant appeals.
We disagree with the Supreme Court's determination denying, as academic, that branch of the defendant's cross motion which was to vacate her default in opposing the plaintiff's prior motion. Nothing in the court's July 20, 2018, order negated or otherwise affected the May 22, 2012, order, granting the plaintiff's motion pursuant to CPLR 3211(a) to dismiss the defendant's [*2]affirmative defenses and counterclaims. Since that order remains in effect, the defendant's cross motion to vacate her default in opposing the motion to dismiss is not academic.
Although the Supreme Court, in effect, denied the defendant's cross motion as academic, "since the merits of the cross motion were litigated by the parties in the Supreme Court and briefed by the parties in this Court, we address the cross motion in the interest of judicial economy" (Xin Fang Xia v Saft, 177 AD3d 823, 825; see Ewers v Columbia Hgts. Realty, LLC, 44 AD3d 608, 609).
CPLR 5015 (a)(1) provides, in relevant part, that the court which rendered a judgment or order may relieve a party from it upon such terms as may be just, upon the ground of "excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party."
Here, the plaintiff submitted an affidavit of service demonstrating that the May 22, 2012, order was served upon the defendant's then-counsel, at his last known address, on June 25, 2012. The affidavit of service created a presumption that the order was mailed to the defendant's then-counsel on that date (see Rizzo v Rizzo, 176 AD3d 989; Rolling Acres Developers, LLC v Montinat, 166 AD3d 696, 697), making service complete on that date (see CPLR 2103[b][2]). The defendant's conclusory assertion that her prior counsel never received the order was insufficient to rebut that showing (see CPLR 2103[b][2]).
Accordingly, since the order with notice of entry was served on June 25, 2012, the defendant's cross motion to vacate her default, made in 2018, was untimely (see CPLR 5015[a][1]; Loeffler v Glasgow, 169 AD3d 1024, 1025), and should have been denied on that basis.
BALKIN, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court