13 E. 124 LLC v J&M Realty Servs. Corp. (2023 NY Slip Op 06326)

13 E. 124 LLC v J&M Realty Servs. Corp.

2023 NY Slip Op 06326

Decided on December 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2023

Before: Kapnick, J.P., Gesmer, Scarpulla, Rodriguez, O'Neill Levy, JJ. 

Index No. 154314/22 Appeal No. 936 Case No. 2023-00492 

[*1]13 East 124 LLC et al., Plaintiffs-Appellants,
v
J&M Realty Services Corp. et al., Defendants-Respondents.

Kucker Marino Winiarksky & Bittens, LLP, New York (Christopher S. McCann of counsel), for appellants.
Davidoff Hutcher & Citron LLP, New York (Benjamin Noren of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered January 5, 2023, which directed plaintiffs, pursuant to 22 NYCRR 130-1.1, to pay defendants $22,133.45 in attorneys' fees and disbursements, unanimously affirmed, with costs, and the matter remanded for entry of the award of costs as a judgment, pursuant to 22 NYCRR 130-1.2.
By summons and complaint dated May 28, 2022, plaintiffs asserted causes of action for declaratory and injunctive relief, breach of contract, breach of fiduciary duty, professional malpractice and negligence, and accounting against defendants in connection with the parties' property management contract. Pursuant to the contract, defendants agreed to manage, maintain, and lease vacant units in plaintiffs' buildings for one year. After the contract term expired, the parties extended the agreement on a month-to-month basis. Plaintiffs alleged that defendants failed to perform under the terms of the contract and, after plaintiffs terminated the contract, defendants withheld books, records, security deposits, and keys, and were generally uncooperative with the new property management company.
Plaintiffs moved by order to show cause on May 24, 2022 for a preliminary injunction directing defendants to cooperate with the change in property management.
Defendants cross-moved for sanctions based on plaintiffs' allegedly frivolous conduct. The cross-motion was supported by the affidavit of Jerry Edelman, an individual defendant, and president of defendant J&M Realty Services Corp. Mr. Edelman explained that he agreed to turn over the books and records and comply with the property management transition, but he requested plaintiffs execute a formal termination letter as required by the terms of the contract as well as by the New York City Department of Housing Preservation and Development. Mr. Edelman transferred the books and records to his former attorney to be held in escrow pending plaintiffs' execution of the formal termination letter. Upon receiving plaintiffs' order to show cause, Mr. Edelman directed his attorney to resolve the dispute with plaintiffs' counsel directly rather than in court by offering plaintiffs the entirety of their requested relief. In response to Mr. Edelman's overture, plaintiffs' counsel stated that the "motion's goal was not the possession of the documents, . . . 'but to make Jerry cry, pay $500,000 in legal fees, and then only agree to discontinue the action when Jerry agrees to reimburse [p]laintiffs' legal fees.'"
Thereafter, defendants attempted to resolve the matter by drafting a proposed stipulation of settlement whereby plaintiffs would receive all books and records, the parties would acknowledge that the management contract was terminated, and plaintiffs would discontinue the action. Mr. Edelman asserted that plaintiffs refused to agree to the stipulation.
Supreme Court denied plaintiffs' motion for a preliminary injunction and granted defendants' motion for sanctions by order dated [*2]September 28, 2022. The court found that plaintiffs acted in bad faith when they refused to withdraw their motion despite defendants consenting to all relief requested. It directed plaintiffs to pay defendants' attorneys' fees incurred in connection with the action and instructed the parties to submit affirmations in support and opposition within 10 days of the order.
By affirmation dated October 4, 2022, defendants' attorney asserted that defendants incurred $22,133.45 in fees in connection with this matter. The affirmation was accompanied by supporting documentation.
Plaintiffs filed a notice of discontinuance pursuant to CPLR 3217(a)(1) that same day, October 4, 2022. By affirmation dated October 13, 2022, plaintiffs opposed defendants' attorneys' fees application on the ground that the action had been discontinued and Supreme Court was without jurisdiction to issue further orders in connection with the matter pursuant to CPLR 3217.
Supreme Court entered an order on January 5, 2023 directing plaintiffs to pay defendants $22,133.45 in attorneys' fees and disbursements pursuant to 22 NYCRR 130-1.1. On appeal, plaintiffs contend that their voluntary discontinuance of the action on October 4, 2022 divested Supreme Court of jurisdiction to impose sanctions based on their pre-discontinuance conduct. Plaintiffs' contention is without merit.
Rule 130 sanctions "are retributive, in that they punish past conduct. They are also goal oriented, in that they are useful in deterring future frivolous conduct not only by the particular parties, but also by the [B]ar at large. The goals include preventing the waste of judicial resources, and deterring vexatious litigation and dilatory or malicious litigation tactics" (Levy v Carol Mgt. Corp. , 260 AD2d 27, 34 [1st Dept 1999]). The court providently exercised its discretion in finding that plaintiffs demonstrated bad faith in their pre-discontinuance conduct when they filed their application and then refused to consent to a stipulation which would have granted them all the relief they were seeking (22 NYCRR 130-1.1 [c]).
Voluntary discontinuance did not divest the court of jurisdiction to impose sanctions for pre-discontinuance conduct. The Second Circuit has held that the District Court "clearly [has] jurisdiction to impose sanctions irrespective of the status of the underlying case because the imposition of sanctions is an issue collateral to and independent from the underlying case" (Schlaifer Nance & Co. v Estate of Warhol , 194 F.3d 323, 333 [2d Cir 1999] [affirming District Court's imposition sanctions pursuant to Fed Rules Civ Pro rule 11 after dismissing underlying case], citing Cooter & Gell v Hartmarx Corp. , 496 US 384, 395-396 [1990]). Similarly, this Court has held that the trial court's jurisdiction over the underlying case is not necessary to impose sanctions pursuant to 22 NYCRR 130-1.1 (see e.g. World Sports Group v Motion Picture Academy of Arts & Sciences , 273 AD2d 53, 54 [1st Dept 2000] [affirming [*3]trial court's imposition of sanctions pursuant to 22 NYCRR 130-1.1 after dismissing the action for lack of personal jurisdiction over the defendants]). Accordingly, plaintiffs' voluntary discontinuance did not divest the court of jurisdiction to determine the amount of the attorneys' fees award to defendants (see Schlaifer Nance & Co. , 194 F3d at 333; World Sports Group , 273 AD2d at 54).
We have considered plaintiffs' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2023