## Assad v New York-Presbyt. Hosp.

2024 NY Slip Op 32564(U)

July 24, 2024

Supreme Court, New York County

Docket Number: Index No. 106127/2006

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JOHN J. KELLEY**                          PART                56M

*Justice*

-------------------------------------------------------------------------------X

RAGAA ASSAD, AS ADMINISTRATOR AD
PROSEQUENDUM OF BISHOY ASSAD, DECEASED,

               Plaintiff,

- v -

NEW YORK-PRESBYTERIAN HOSPITAL, formerly known
as COLUMBIA PRESBYTERIAN MEDICAL CENTER,
COLUMBIA PRESBYTERIAN MEDICAL GROUP, GWEN
NICHOLS, M.D., and SANDRA RUSSO, M.D.,

               Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 106127/2006 |
| MOTION DATE | 05/09/2024 |
| MOTION SEQ. NO. | 009 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 009) 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63

were read on this motion to/for                    AMEND/MODIFY DECISION/ORDER/JUDGMENT    .

In this action to recover damages for medical malpractice and negligence, the attorneys for the deceased plaintiff, Ragaa Assad, as administrator ad prosequendum of Bishoy Assad, deceased, move pursuant to CPLR 1015 and 1021 to vacate the automatic stay of proceedings imposed by operation of law upon Ragaa Assad's death, and substitute Ragaa Assad's son, Albert Assad, both as a successor administrator of the estate of Bishoy Assad, and as party plaintiff in place and instead of Ragaa Assad. They also move pursuant to CPLR 305(c) for leave to amend the caption accordingly. In addition, the deceased plaintiff's attorneys move pursuant to EPTL 5-4.6(A)(1) and CPLR 2221(a) to modify this court's July 21, 2022 decedent's compromise order to award them additional disbursements, and to direct the settling defendant's insurance carrier to disburse settlement drafts as requested. Albert Assad opposes the motion. The motion is granted to the extent that the stay is vacated, Albert Assad, as "substituted administrator" of the estate of Bishoy Assad, is substituted as a party plaintiff in place and instead of Ragaa Assad, as administrator ad prosequendum of Bishoy Assad,

**106127/2006   ASSAD, RAGAA vs. PRESBYTERIAN HOSPITAL**                          **Page 1 of 7**
**Motion No.  009**

1 of 7

[* 1]

deceased, the caption is amended accordingly, and the deceased plaintiff's attorneys are awarded an additional $15,839.40 as and for their disbursements, for a total of $19,530.06, while their fee is concomitantly reduced from $92,827.35 to $88,867.50. The motion is otherwise denied, and the insurance carrier for the settling defendant is directed to pay the proceeds of the settlement remaining after payment of attorneys' fees and disbursements directly to the estate of Bishoy Assad.

In an order dated July 21, 2022, Ragaa Assad, as administrator ad prosequendum of Bishoy Assad, deceased, was authorized to settle and compromise her claims against the defendants New York-Presbyterian Hospital, formerly known as Columbia Presbyterian Medical Center (NYPD) for the total sum of $325,000.00, and thereupon discontinued her claims against NYPH, as well as the defendants Gwen Nichols, M.D., and Sandra Russo, M.D. That order awarded Silver & Kelmachter, LLP (S&K), as Ragaa Assad's attorneys, the sums of $92,827.35 as and for their attorneys' fees and $3,690.62 as and for the reimbursement of their costs and disbursements. The remaining proceeds were to be distributed in accordance with any further order of an appropriate Surrogate's Court or Probate Court, although those proceeds were also directed to be deposited with the New York City Department of Finance. Ragaa Assad did not object to the payment of fees and disbursements and, in fact, submitted an affidavit in support of the compromise and settlement.

On April 12, 2023, Ragaa Assad died, and all proceedings in this action thus were automatically stayed by operation of law on that date, pending substitution of a substitute or successor representative of the estate of Bishoy Assad (*see Perez v City of New York*, 95 AD3d 675, 677 [1st Dept 2012]). On March 15, 2024, the Superior Court of New Jersey, Hudson County, Chancery Division, Probate Part, appointed Albert Assad---the son of Ragaa Assad and the brother of Bishoy Assad---as "substituted administrator of the estate of Bishoy Assad, deceased." On April 18, 2024, S&K made the instant motion.

106127/2006   ASSAD, RAGAA vs. PRESBYTERIAN HOSPITAL
Motion No. 009

Page 2 of 7

2 of 7

Initially, it is well settled that, where an administrator or executor is appointed as representative of the estate of a decedent who was a party to a pending action, substitution and amendment of the caption is appropriate (*see Tag 380, LLC v Estate of Howard P. Ronson*, 69 AD3d 471, 473-474 [1st Dept 2010]). Thus, in order to seek substantive relief, the attorneys for a deceased representative of another decedent's estate must first seek the substitution of a successor representative (*see Bluestein v City of New York,* 280 AD2d 506, 506 [2d Dept 2001]), relief that S&K requested as part of this motion. Inasmuch as Albert Assad has been appointed by a court of competent jurisdiction to serve as the substitute administrator of the estate of Bishoy Assad, it is appropriate to substitute Albert Assad as the party plaintiff herein. Although Albert Assad has asserted that he does not wish to be substituted as the plaintiff, he nonetheless also opposes S&K's substantive request to modify this court's decedent's compromise order, asserting that S&K is not entitled to an award of additional disbursements, let alone the award of any disbursements at all. He cannot have it both ways. If he wishes to be heard in opposition to S&K's request, he cannot do so an as nonparty.

With respect to S&K's request for an award of additional disbursements, the court concludes that it established their entitlement thereto. Contrary to Albert Assad's contention, the retainer agreement between Ragaa Assad and S&K clearly warrants the payment of disbursements to S&K from the settlement proceeds. Specifically, the retainer provided, at page one thereof, that,

> "[t]he costs and expenses required in prosecuting the case may be either advanced by the client or by the Firm. The client may choose either option. If the client elects to advance the money for costs and expenses, the client must pay each cost and expense as it is incurred. If the client elects to have the Firm advance the money for costs and expenses, the money may be borrowed by the Firm from a third party lender and with a reasonable interest rate, statements are available upon request and plaintiff may pre-pay at any time. At the conclusion of the case, an such monies, including principal, interest and costs related to such advances shall be reimbursed to the law firm by the client."

Ragaa Assad agreed upon a modification of the standard retainer agreement, and thus included an addendum. On page two of the retainer agreement, where she was requested to elect either

**106127/2006   ASSAD, RAGAA vs. PRESBYTERIAN HOSPITAL**
**Motion No.   009**

Page 3 of 7

to advance the costs herself or have S&K advance the costs, there was line next to the statement "I elect to advance money for the costs and expenses. I want to be billed for each disbursement incurred," which she could have elected either to initial or check off. Instead, there is a handwritten notation depicting two stars, with the phrase "As Set Forth In Addendum." The handwritten addendum, which was included on page three of the agreement, and which depicted the same two-star notation as on page two, was signed immediately below by Ragaa Assad. It provided that,

> "[p]laintiff agrees to remit fees owed to medical expert for his/her work and consultation during the summary judgement phase of the lawsuit, and to make payment directly to expert."

There is no merit to Albert Assad's contention that Ragaa Assad's failure to initial or check off the line next to the statement on page two constituted her failure to agree to S&K's entitlement to recover reimbursements. Rather, her separate signature after the addendum established that she agreed to repay costs to S&K as billed, except with respect to the costs of retaining an expert to oppose a summary judgment motion, which she agreed to pay directly to the expert.

S&K established, however, that Ragaa Assad did not directly reimburse it for either the $3,690.62 in costs that this court previously had approved in the July 21, 2022 decedent's compromise order, but also did not directly reimburse it for an additional $15,839.40, consisting of the sums of (a) $14,189.40 that the New Jersey firm of Wells, Jaworski & Liebman, LLP, had billed S&K for legal services necessary to rectify errors, omissions, and mistakes in Bishoy Assad's New Jersey probate proceeding prior to Ragaa Assad's death, so that she could act as a general, rather than a limited, administrator, and thereupon prosecute this action, and (b) $1,650.00 that S&K paid to a bonding company to permit Ragaa Assad to serve as the unlimited administrator of Bishoy Assad's estate in New Jersey.

Based on the recalculation necessitated by the reimbursement of additional costs and disbursements, S&K requests that it retain, from the settlement proceeds, the sum of $19,530.06 rather than $3,690.62, as set forth in the July 21, 2022 decedent's compromise

**106127/2006 ASSAD, RAGAA vs. PRESBYTERIAN HOSPITAL**
**Motion No. 009**

**Page 4 of 7**

order, and also requests that its fee be reduced from $92,827.35, as set forth in the July 21, 2022 decedent's compromise order, to $88,867.50. Albert Assad has advanced no persuasive arguments as to why this modification should not be effectuated. The court agrees with him, however, that the remainder of the proceeds, after payment of attorneys' fees and reimbursement of attorneys' costs, be paid directly to the estate of Bishoy Assad, so that it may be distributed in accordance with any valid decree of the Superior Court of New Jersey.

Accordingly, it is,

ORDERED that the motion is granted to the extent that:

(1) the automatic stay of proceedings imposed by operation of law upon the death of Ragaa Assad on April 12, 2023 is vacated,

(2) Albert Assad, as substituted administrator of the estate of Bishoy Assad, is substituted as a party plaintiff in place and instead of Ragaa Assad, as administrator ad prosequendum of Bishoy Assad, deceased,

(3) the caption is amended accordingly, and

(4) the decedent's compromise order dated July 21, 2022 is modified by

(a) substituting the sum $19,530.06 in place and instead of the sum of $3,690.62, as and for the reimbursement of costs and disbursements payable to Silver & Kelmachter, LLP, and

(b) substituting the sum of $88,867.50 in place and instead of the sum of $92,827.35, as and for the attorneys' fees payable to Silver & Kelmachter, LLP,

and the motion is otherwise denied; and it is further,

ORDERED that, on the court's own motion, the decedent's compromise order dated July 21, 2022 is further modified by deleting the provision therein directing that the remainder of the settlement proceeds be paid to the New York City Department of Finance; and it is further,

ORDERED that the insurance carrier for the settling defendant, New York-Presbyterian Hospital, formerly known as Columbia Presbyterian Medical Center, shall, on or before August 16, 2024, tender a draft to Silver & Kelmachter, LLP, payable to Silver & Kelmachter, LLP, in the sum of $108,397.56, and shall tender a separate draft to Kenneth A. Elan, Esq., as attorney for Albert Assad, as substitute administrator of the Estate of Bishoy Assad, and payable to the

**106127/2006   ASSAD, RAGAA vs. PRESBYTERIAN HOSPITAL**                                    **Page 5 of 7**
**Motion No.  009**

5 of 7

Estate of Bishoy Assad, in the sum of $216,602.44, which shall be distributed in accordance with a valid order of the Superior Court of New Jersey; and it is further,

ORDERED that the caption of the action is amended to read as follow:

-----------------------------------------------------------------------x

ALBERT ASSAD, AS SUBSTITUTED ADMINISTRATOR
OF THE ESTATE OF BISHOY ASSAD, DECEASED,

Plaintiff,

V

NEW YORK-PRESBYTERIAN HOSPITAL, formerly known
as COLUMBIA PRESBYTERIAN MEDICAL CENTER,
COLUMBIA PRESBYTERIAN MEDICAL GROUP, GWEN
NICHOLS, M.D., and SANDRA RUSSO, M.D.,

Defendants.

-----------------------------------------------------------------------x;

and it is further,

ORDERED that, within 15 days of the entry of this decision and order, the Silver & Kelmachter, LLP., shall serve a copy of this decision and order upon both the County Clerk and the Clerk of the General Clerk's Office, which shall be effectuated in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases, accessible at the "E-Filing" page on the court's website at https://www.nycourts.gov/LegacyPDFS/ courts/ 1jd/supctmanh/Efil-protocol.pdf (nycourts.gov), and, to comply with those procedures, Silver & Kelmachter, LLP, shall (1) upload the decision and order to the NYSCEF system under document title "SERVICE ON SUPREME COURT CLERK (GENL CLERK) W/COPY OF ORDER" **AND** (2) separately file and upload the notice required by CPLR 8019(c) in a completed Form EF-22, along with a copy of the decision and order, under document title "NOTICE TO COUNTY CLERK CPLR 8019(C)," and the County Clerk and all appropriate court support offices shall thereupon amend the court records accordingly.

**106127/2006   ASSAD, RAGAA vs. PRESBYTERIAN HOSPITAL**
**Motion No.  009**

**Page 6 of 7**

This constitutes the Decision and Order of the court.

**7/24/2024**
**DATE**

**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**106127/2006  ASSAD, RAGAA vs. PRESBYTERIAN HOSPITAL**
**Motion No.  009**