Destino v Q Mgt. Props., LLC (2025 NY Slip Op 02570)

Destino v Q Mgt. Props., LLC

2025 NY Slip Op 02570

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-02491
 (Index No. 609532/20)

[*1]Ralph Destino, Jr., et al., respondents,
v
Q Management Properties, LLC, et al., defendants, Silver Heights Development, LLC, et al., appellants.

Adrian & Associates, LLC, New York, NY (James M. Adrian of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for violations of Banking Law § 6-l, the defendants Silver Heights Development, LLC, and Silver Heights Capital II, LLC, appeal from an order of the Supreme Court, Suffolk County (Linda J. Kevins, J.), dated February 22, 2023. The order, insofar as appealed from, denied, as academic, that branch of those defendants' motion which was for leave to renew that branch of their prior motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiffs, which had been denied in an order of the same court dated March 7, 2022.
ORDERED that the order dated February 22, 2023, is modified, on the law, by deleting the provision thereof denying, as academic, that branch of the motion of the defendants Silver Heights Development, LLC, and Silver Heights Capital II, LLC, which was for leave to renew that branch of their prior motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiffs, and substituting therefor a provision denying that branch of their motion on the merits; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In July 2020, the plaintiffs commenced this action against the defendants Silver Heights Development, LLC, and Silver Heights Capital II, LLC (hereinafter the defendants), among others, inter alia, to recover damages for violations of Banking Law § 6-1. In August 2021, the defendants moved, among other things, pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiffs. By order dated March 7, 2022, the Supreme Court, inter alia, denied that branch of the defendants' motion. Later that month, the defendants moved, among other things, for leave to renew that branch of their prior motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiffs. In January 2023, the plaintiffs moved pursuant to CPLR 3217(b) for leave to discontinue the action with prejudice. By order dated February 22, 2023, the Supreme Court granted the plaintiff's motion to the extent of directing discontinuance of the action without prejudice and denied, as academic, that branch of the defendants' motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiffs. The defendants appeal from so much of the order as denied, as academic, that branch of their motion.
Initially, the defendants correctly contend that the Supreme Court, upon directing [*2]discontinuance of the action pursuant to CPLR 3217(b), improperly denied, as academic, that branch of their motion which was for leave to renew that branch of their prior motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiffs. The discontinuance of the action did not render the defendants' request for sanctions against the plaintiffs academic (see 13 E. 124 LLC v J & M Realty Servs. Corp., 222 AD3d 446, 449; Wells Fargo Bank, N.A. v Bagley, 104 AD3d 938, 938-939). In the interest of judicial economy, we deem it appropriate to address the defendants' motion on the merits, rather than to remit the matter to the Supreme Court, Suffolk County, to do so (see Wells Fargo Bank, N.A. v Rindenow, 186 AD3d 782, 783; Gesuale v Campanelli & Assoc., P.C., 126 AD3d 936, 936-937).
"A motion for leave to renew shall be based, inter alia, on new facts not offered on the prior motion that would change the prior determination, and shall contain reasonable justification for the failure to present such facts on the prior motion" (Viehl v Doran Group, 118 AD3d 695, 696; see CPLR 2221[e]). Even assuming that the defendants set forth new facts not offered on the prior motion and provided the requisite reasonable justification (see Wells Fargo Bank, N.A. v Malek, 199 AD3d 1040; Kranenberg v TKRS Pub, Inc., 99 AD3d 769, 770), the defendants failed to establish that the plaintiffs engaged in frivolous conduct by commencing and maintaining this action against them (see Matter of Fanizzi v Planning Bd. of Patterson, 146 AD3d 98, 107-108). Therefore, the defendants' submissions in support of that branch of their motion which was for leave to renew that branch of their prior motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiffs would not have changed the Supreme Court's determination denying the aforementioned branch of their prior motion (see Kranenberg v TKRS Pub, Inc., 99 AD3d at 770).
The defendants' remaining contention need not be reached in light of our determination.
CONNOLLY, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court