Etienne v Pepsi-Cola Bottling Co. of N.Y., Inc.

2026 NY Slip Op 03293

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Darick Sephano Etienne, et al., respondents,

v

Pepsi-Cola Bottling Company of New York, Inc., et al., appellants, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2024-13449, (Index No. 530746/23)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Janice A. Taylor

James P. McCormack, JJ.

Law Offices of Christopher P. Di Giulio, P.C., New York, NY, for appellants.

Liakas Law, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendants Pepsi-Cola Bottling Company of New York, Inc., and Peter G. Bates appeal from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated November 6, 2024. The order, insofar as appealed from, granted that branch of those defendants' motion which was pursuant to 22 NYCRR 130-1.1 to impose costs and sanctions upon the plaintiffs only to the extent of awarding those defendants the statutory costs of their motion.

ORDERED that the order is affirmed insofar as appealed from, with costs.

This personal injury action stems from a motor vehicle accident that occurred in April 2023 on Sunrise Highway in Nassau County. The plaintiffs were passengers in a car owned and operated by the defendant Dervens Jeanty when it collided with a van owned by the defendant Pepsi-Cola Bottling Company of New York, Inc. (hereinafter Pepsi), and operated by the defendant Peter G. Bates, an employee of Pepsi (hereinafter together the Pepsi defendants).

In October 2023, the plaintiffs commenced this action against the defendants, asserting causes of action alleging negligence. In January 2024, the Pepsi defendants moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them and pursuant to 22 NYCRR 130-1.1 to impose costs and sanctions upon the plaintiffs. Subsequently, the parties executed a stipulation discontinuing the action with prejudice against the defendants. In an order dated November 6, 2024, the Supreme Court, inter alia, granted that branch of the Pepsi defendants' motion which was pursuant to 22 NYCRR 130-1.1 to impose costs and sanctions upon the plaintiffs only to the extent of awarding the Pepsi defendants the statutory costs of their motion. The Pepsi defendants appeal.

A "[v]oluntary discontinuance [does] not divest the court of jurisdiction to impose sanctions for pre-discontinuance conduct" (13 E. 124 LLC v J & M Realty Servs. Corp., 222 AD3d 446, 449; see Destino v Q Mgt. Props., LLC, 237 AD3d 1162, 1163). "[A] court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, [*2]resulting from frivolous conduct" (22 NYCRR 130-1.1[a]; see Contreras v Jimmy's Auto Top, 242 AD3d 698; Stone Mtn. Holdings, LLC v Spitzer, 119 AD3d 548, 550). "The party seeking sanctions has the burden to demonstrate that its opponent's conduct was frivolous within the meaning of 22 NYCRR 130-1.1(c)" (Contreras v Jimmy's Auto Top, 242 AD3d at 699 [internal quotation marks omitted]; see Stone Mtn. Holdings, LLC v Spitzer, 119 AD3d at 550). Here, the Pepsi defendants failed to demonstrate that the plaintiffs had engaged in frivolous conduct entitling the Pepsi defendants to an award of sanctions beyond the award of statutory costs for prevailing on the motion.

BRATHWAITE NELSON, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court